STEPHENSON et al. v. GAINES et al.　(No. 813—4842.)*

Commission of Appeals of Texas, Section B. Oct. 12, 1927.

1. Appeal and error ⬛➡1082(1)—On writ of error to judgment as modified, in effect affirming judgment sustaining demurrers to defense of failure of consideration for notes, only question was correctness of sustaining demurrer.

Where in action on notes trial court sustained general and special demurrers to defenses of failure of consideration and damages alleged in answer, and, on proof of execution, delivery, and nonpayment, directed verdict for plaintiffs, and judgment based thereon was reformed so as to allow damages and affirmed on appeal, on writ of error to latter judgment only question was correctness of sustaining demurrer to plea of failure of consideration, and question whether defendant could set up such defense, if there had been judgment between parties such as to include it, was not presented.

2. Appeal and error ⬛➡1040(6)—Bills and notes ⬛➡476(2)—Answer that parties settled prior suit, not alleging judgment therein, sustaining demurrers to plea of failure of consideration for notes given in settlement, was error and not harmless.

In action on notes, answer alleging that plaintiffs had previously sued defendants, and that parties settled such suit by cash payment and certain notes, did not allege judgment therein so as to authorize sustaining demurrers to allegation of defense of lack of consideration for notes, and error cannot be held harmless on theory that no other judgment could have been rendered, for it cannot be assumed that all facts were in evidence, notwithstanding court's striking out defense of failure of consideration.

3. Pleading ⬛➡34(3)—On general demurrer, inferences favor pleading.

As against general demurrer, all reasonable inferences are in favor of sufficiency of pleading, and not against it.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by John W. Gaines and others against W. M. Stephenson and others on notes. Judgment (291 S. W. 602) reforming and affirming a judgment for plaintiffs on condition of a remittitur, and defendants bring error. Judgments reversed, and cause remanded.

Douglas & Carter, of San Antonio, for plaintiffs in error.

Arnold & Cozby, of San Antonio, for defendants in error.

SPEER, J. The following is a succinct statement of the case as it appeared in the Court of Civil Appeals for the Fourth district, to whose judgment the writ of error has been granted:

"The law firm of Gaines, Quin, Harley & Gaines brought this action against W. M. Stephenson to recover the amount of certain promissory notes executed by Stephenson in settlement of attorney's fees owing to the firm. The obligations sued on were of a series of 13 notes executed on December 15, 1924, the first to mature being for the amount of $1,000, the next 11 for $500 each and the thirteenth and last for $566.15; the whole series aggregating the amount of $7,066.15. The notes contained a provision for accelerated maturity in event of default in the payment of any one of the series. It was alleged by the plaintiffs below that the first 5 of the notes were paid at maturity, but that default was made upon the sixth note, whereupon the plaintiffs elected to mature the unpaid obligations, aggregating $4,066.15, and brought this suit on them. Stephenson in his answer pleaded failure of consideration and damages, but the court sustained general and special demurrers to those defenses, and, upon proof of the execution, delivery, and nonpayment of the notes, directed a jury verdict for the plaintiffs. From the judgment based upon this verdict, Stephenson has appealed."

[1] The Court of Civil Appeals, upon a remittitur being filed by appellees, reformed and affirmed the judgment of the trial court. 291 S. W. 602.

So that, the only question before us is the correctness of the ruling sustaining the demurrer to plaintiff in error's plea of failure of consideration.

The Court of Civil Appeals, in affirming the judgment of the trial court upon this point, says:

"But a judgment of nonsuit, or of dismissal, assumes a deeper significance and a far wider effect when it originates out of and is based upon an agreement of the parties, and in such case must be considered and construed in connection with that agreement. It amounts to an adjudication of the matters contemplated in the agreement, so as to constitute an adjustment of those matters, which are thereby as fully settled as if they had been affirmatively disposed of by a final judgment. We conclude, therefore, that in view of this adjudication appellant was precluded from setting up a failure of consideration for the execution of the notes here sued on. The consideration for these notes was not the performance of the services in the cases of Nicholas v. Stephenson and Gas Company v. Grubstake Company, but was the dismissal of the former suit, which had been contemplated in the agreement."

We find no fault with this statement of the general law, but an application of it is improperly made in this case.

[2] The question arises only upon demurrer to the plaintiff in error's answer, and it is therefore necessary to examine that answer to ascertain if the rule of conclusiveness of judgment discussed by the Court of Civil

Appeals is applicable here. The plaintiff in error pleaded:

"For special answer, if required, these defendants say that under date of August 5, 1924, Gaines, Quin, Harley & Gaines, plaintiffs, agreed in writing upon certain fees to be paid for representing defendants in certain lawsuits then pending, as follows:

$ 5,000.00 in Nichols v. Stephenson, in Live Oak county.
$ 5,000.00 in Southern Natural Gas Co. v. Grubstake, in federal court.
$ 1,500.00 in State v. South Texas Co., in Travis county.
$ 1,000.00 in Choice v. Grubstake, in Seventy-Third district court.
$  500.00 in Grubstake v. Coyle, in McMullen county.

---

$13,000.00

"Said fee of $5,000 in the Nichols Case was to cover compensation for fighting said case through all of the available courts.

"Defendants then and there paid $2,000 in cash to plaintiffs on said account.

"Fourth. Afterwards, on September 22, 1924, plaintiffs filed suit against defendants for $11,-066.10, being the amount of the balance aforesaid, plus $66.10 for other services. It was ascertained that the suit and the agreement of August 5, 1924, included the Choice-Grubstake suit fee of $1,000 by mistake, and it was so recognized by the parties and plaintiffs disclaimed thereto. Under date of December 15, 1924, the parties settled said suit by defendants paying and agreeing to pay plaintiffs $8,066.15, as follows:

Cash ............................................... $1,000 00
One note............................................. 1,000 00
11 notes, $500 each................................. 5,500 00
One note.............................................. 566 15

"The balance of $2,000 was settled by the agreement stipulating for the elimination of the State v. South Texas Company fee of $1,500 and Grubstake v. Coyle fee of $500.

"Defendants paid the cash payment of $1,000 and paid 5 notes, one for $1,000, and 4 for $500 each, leaving outstanding $4,066.15, being the eight notes herein sued on."

The plea further alleged with great particularity the negligence of plaintiffs in failing to perfect the appeal in the case of Nichols v. Stephenson, and the consequent loss of his rights in that case; that the defendant had actually paid plaintiffs $1,000 upon the case; and that the reasonable value of the services actually rendered in the trial court was less than that sum.

It will be thus seen the answer to which the demurrer was sustained does not set forth any prior judgment whatever, and it was upon the strength of such supposed judgment the court has sustained the demurrer. The nearest approach to such allegation is:

."Under date of December 15, the parties settled said suit by defendant paying and agreeing to pay plaintiffs $8,066.15, as follows," etc.

[3] But it is nowhere alleged that the settlement was confirmed or otherwise evidenced by judgment. Such conclusion is the merest inference; and as against a general demurrer all reasonable inferences are in favor of the sufficiency of the pleading, and not against it. It may be that the theory upon which the Court of Civil Appeals decided the demurrer is supported by the evidence in the record (if such a thing were legally possible), but it is certain the vice is not disclosed by the pleading. It necessarily follows the judgment of the Court of Civil Appeals, as well as the judgment of the trial court, which it affirmed, should be reversed and the cause remanded to the trial court for trial upon the issue thus tendered. We cannot hold as harmless the error in sustaining the demurrer, upon the theory that no other judgment could have been rendered, because it cannot be assumed that all the facts were in evidence, notwithstanding its striking out of the defense of failure of consideration. If res adjudicata had been an issue in the case, then the interesting questions discussed by the Court of Civil Appeals would have arisen. But we do not consider them, nor do we consider the question of the right of plaintiff in error to interpose, in this case, the plea of want or failure of consideration, if there has been a judgment between the parties such as to include such defense. Such question is not before us.

We recommend a reversal as heretofore shown.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.