Cornelius BROWN, et al., Relators,

v.

Honorable Louis MOORE, et al., Respondents.

No. B14–85–932–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 27, 1986.

T.W. Proctor, Stephen L. Swanson, Houston, for relators.

Spencer G. Markle, Steven A. Kamel, Houston, for respondents.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an original mandamus proceeding in which relators seek to compel the Honorable Louis Moore, respondent, to set aside an order granting a motion for non-suit. The motion and order for non-suit were prepared and filed by the defendant without the approval or consent of plaintiff. The order attached to the unsigned motion was subsequently signed by Judge Moore on March 22, 1985, again without the approval or knowledge of counsel for Plaintiff-Relator Brown. Relators contend that the trial court has jurisdiction to set aside the order and should be required to do so. We agree and conditionally grant the writ.

The basis for this proceeding evolves from two prior lawsuits. The first suit came about as a result of an automobile collision between Relator Brown and the other relators. A default judgment was taken by the other relators against Brown in that suit. Brown (Plaintiff) then sued Respondent Members Mutual Insurance Company (Defendant) in Judge Moore's court for, among other things, the amount of the default judgment from the first suit. The other relators intervened in the second suit, seeking to recover the amount of their default judgment.

During a bench conference at a court appearance on the second suit, counsel for Plaintiff Brown informed the court and the other attorneys present that his client was no longer interested in pursuing the cause of action and that he would probably not appear for trial. After this conference counsel for Members Mutual sent the Motion for Non-Suit and order to Brown's attorney. The motion and order were accompanied by a cover letter requesting Brown's counsel to execute and return the motion and order to Members Mutual's attorney for filing with the court. The letter indicates that the trial court was to receive a carbon copy of the correspondence and enclosures. The trial court received a copy of both the unsigned motion and the order, although there is no evidence in the court's file that the cover letter was received. Upon receipt of the motion, which called for Brown's dismissal *with prejudice*, the trial court noted that Brown's attorney had failed to sign it. The trial court therefore refrained from signing the order. When the unsigned motion and order again routinely appeared before the trial court at a later date, Judge Moore signed the order, believing that all parties agreed to the motion or that no party objected to it. Brown's suit against Members Mutual was then dismissed with prejudice.

On November 25, 1985, some eight months after the order was signed, counsel for the intervenors testified at a hearing on the Motion to Set Aside the Non-Suit that he first discovered the dismissal order a few days before at another pre-trial conference. Counsel for Relator Brown testified that his first knowledge of the non-suit was when counsel for intervenors telephoned him after discovering the order. Brown's attorney further testified that he never filed a motion for non-suit and did not

make an oral motion to that effect. However, he did acknowledge that he discussed his client's decision not to appear for trial during a bench conference in January. Attorneys for Members Mutual testified that counsel for Brown unequivocally stated to the court that he was taking a nonsuit. There is no evidence of any announcement of non-suit by Plaintiff Brown. The trial judge testified that he had no recollection of a declaration in court by Brown's attorney that he was "taking a non-suit." The trial judge based his decision to overrule relators' motion on the ground that the order was a final, appealable order and that the court lost plenary power over it thirty days after the date it was signed, to wit: March 22, 1985.

Rule 164 of the Texas Rules of Civil Procedure provides in part as follows: "Upon the trial of any cause, at any time before plaintiff has introduced all of his evidence, the *plaintiff* may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief." Tex.R.Civ.P. 164 (emphasis added). The language of Rule 164 makes it clear that the rule provides a right that can only be exercised by the plaintiff. Once the *plaintiff* has exercised this right by filing a motion with the clerk of the court or by oral announcement in open court of an intent to take a non-suit, the granting of the non-suit becomes a purely ministerial act on the part of the trial judge. *See Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982).

Rule 164 is clear and unambiguous and confers a right to the plaintiff to take a non-suit, so long as the rights of other parties are not prejudiced by such action. Therefore, in the absence of harm to a third party, the granting of a non-suit by a trial court requires no judicial decision or exercise of discretion. The Rule thus becomes mandatory in nature in that the trial court is without power to deny a *properly* requested motion for non-suit, or alternatively, to grant an improper request for non-suit.

We therefore find that the court is without power to grant a motion for non-suit that is prepared by a defendant and filed in the court without the express approval and consent of the plaintiff. We hold the order granting the non-suit is void. We further find the order is interlocutory, as it does not dispose of all parties and issues, and as such is not subject to appeal. *Clear Lake City Water Authority v. Winograd,* 678 S.W.2d 740 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Taliaferro v. Texas Commerce Bank,* 660 S.W.2d 151 (Tex. App.—Fort Worth 1983, no writ). Having found the order void and having further found relators without adequate remedy by way of appeal, we find mandamus proper. *See State Bar of Texas v. Heard,* 603 S.W.2d 829, 834 (Tex.1980); and *Allen v. Tennant,* 678 S.W.2d 743, 745 (Tex.App.— Houston [14th Dist.] 1984, no writ).

We are confident that Judge Moore will set aside his order dismissing Relator Brown from the suit when our judgment in this proceeding is final. Should he fail to do so, a writ of mandamus will issue.

The writ is conditionally granted.