Juan Jose De La ROSA, Appellant,

v.

Rosary VASQUEZ, Appellee.

No. 07–87–0099–CV.

Court of Appeals of Texas,
Amarillo.

March 22, 1988.

John J. C. O'Shea, Lubbock, for appellant.

Charles Dunn, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Contending that a prior judgment dismissing the cause with prejudice deprived the trial court of jurisdiction and was res judicata of the claim, Juan Jose De La Rosa seeks a reversal of a judgment, rendered on a jury verdict, decreeing that he is the biological father of, with specified obligations to, the minor child born to Rosary Vasquez. Agreeing that the trial court lacked jurisdictional power to render the challenged judgment, we reverse and, in the interest of justice, remand.

In March of 1984, Rosary Vasquez began an action to establish that Juan Jose De La Rosa is the biological father of the minor child, J____ A____ D. L. R____, born to her on 4 June 1983. In the following October, Vasquez, joined by De La Rosa, moved the court for a dismissal of the cause with prejudice, alleging that all matters in difference between them had been compromised and fully settled.

The motion invoked the provision of the Texas Family Code prescribing that:

> The child must be a party to a settlement agreement with the alleged father. The child shall be represented in the settlement agreement by a guardian ad litem appointed by the court. The court must approve any settlement agreement, dismissal, or non-suit.

Tex.Fam.Code Ann. § 13.07 (Vernon 1986). No effort was made to comply with the statute; instead, the court, finding that all matters of difference between Vasquez and De La Rosa had been compromised and settled, ordered that the cause be dismissed

with prejudice. No appeal was taken from the judgment.

Thereafter in July of 1985, Vasquez again filed her petition to establish De La Rosa's paternity of the child, filing it in the same cause number with the allegation that the court had continuing jurisdiction because of the prior proceedings. De La Rosa filed a general denial, a special denial of paternity, and a plea that Vasquez's claim was barred by the doctrine of res judicata.

At a pretrial hearing, De La Rosa also challenged the jurisdiction of the court on the basis that the prior judgment of dismissal with prejudice was a final judgment on the claim, and moved for a dismissal of the action. Considering the defensive pleas, the court stated, "[I]t appears to the court as though the language of 13.07 is mandatory, which means that the cause could not be dismissed, settled or nonsuited without a guardian ad litem being appointed to represent the interest of the child." Then the court denied all defensive pleas, saying, "The court feels it does have jurisdiction of the matter to proceed."

Without making any order respecting the prior judgment of dismissal, the court submitted the issue of paternity to a jury, which found that De La Rosa is the biological father of the child. Later the present judge of the court, who did not preside at trial, rendered judgment on the verdict, fixing conservatorship rights and ordering De La Rosa to contribute to the support of the child.

Recognizing the mandatory language of section 13.07, *supra*, the court obviously considered that the failure to observe the statutory mandate voided the settlement agreement between Vasquez and De La Rosa. One court has so held. In *Interest of J___ T___ H___*, 630 S.W.2d 473, 477 (Tex.App.—San Antonio 1982, no writ). From this premise, the court apparently followed the principles that a court lacks power to render a judgment contrary to a valid statutory prohibition, and if such judgment is rendered, it is void, *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428, 433 (1959), and invokes the court's power and duty to vacate it at any time, even without a motion therefor. *Bridgman v. Moore*, 143 Tex. 250, 183 S.W.2d 705 (1944). Then, undoubtedly, the court reasoned that the prior judgment offered no bar to the reinstituted action, and proceeded to judgment.

■ However, the court's rationale is, by the authority of *Middleton v. Murff*, 689 S.W.2d 212 (Tex.1985), inapplicable to this record. The prior judgment of dismissal with prejudice was rendered in a suit to determine paternity, a matter within the court's jurisdiction. Tex.Gov't.Code Ann. § 25.1542(a)(2)(B) (Vernon Pamph.1988). Thus, the court had jurisdictional power to render the judgment; and, being rendered upon a compromise and settlement agreement of the parties, the judgment became a final judgment on the merits, *Stephenson v. Gaines*, 298 S.W. 401 (Tex.Comm'n App. 1927, holding approved), binding the parties. *Dollert v. Pratt–Hewit Oil Corporation*, 179 S.W.2d 346, 348 (Tex.Civ.App.— San Antonio 1944, writ ref'd w.o.m.), *cert. denied*, 324 U.S. 853, 65 S.Ct. 713, 89 L.Ed. 1412 (1945).

Once the time for an appeal from the judgment expired, a bill of review became the exclusive remedy to vacate the judgment, even if it is void. Tex.R.Civ.P. 329b(f); *Middleton v. Murff, supra*, at 213. Vasquez has not attacked the judgment by a bill of review. It follows that the trial court lacked jurisdictional power to ignore the final judgment of dismissal and proceed to judgment on the merits of her refiled claim. *See McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 709 (1961). Accordingly, we sustain De La Rosa's first point of error, making it unnecessary to address his second-point contention of res judicata. Tex.R.App.P. 90(a).

In reaching this decision, we considered, but found wanting, Vasquez's theory of justification for the court's action. She begins with the representation that in her original suit she moved for, and the suit was dismissed by, a non-suit with prejudice. Then, on the strength of the holdings in *Brown v. Moore*, 709 S.W.2d 10 (Tex.App. —Houston [14th Dist.] 1986, orig. proceed-

ing), she makes two seemingly contradictory arguments. First, she says that because the provisions of section 13.07, *supra*, were violated, her motion for non-suit was void and, since the court had no power to grant an improper non-suit, the dismissal order is void. Second, she submits that because of the statutory violation, the non-suit was not binding on the child and, therefore, the dismissal was an unappealable interlocutory order for failing to dispose of all parties and issues. From this, she reaches the conclusion that there was no bar to her again pressing her refiled claim since her suit was dismissed by non-suit and not by judgment.

The record does reflect that the joint motion was entitled and the court referred to it as, a "MOTION FOR NONSUIT." Nevertheless, the motion is significantly more effective than a mere motion for non-suit. The motion is premised upon the allegation that all matters in difference between Vasquez and De La Rosa have been compromised and fully settled, and it was upon this premise that they requested the court to dismiss the suit with prejudice. It was upon the finding that all matters of difference between Vasquez and De La Rosa have been compromised and settled that the court ordered the cause dismissed with prejudice.

■ The nature of a pleading is determined by its substance, not by the title given to it. Tex.R.Civ.P. 71; *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). The substance of the motion was the request for a dismissal with prejudice based upon the compromise and settlement, the honoring of which amounted to an adjudication of the merits of the action. *Stephenson v. Gaines, supra*, 298 S.W. at 401. Thus, the nature of the motion and judgment is different from the ordinary non-suit that involves no adjudication and is without prejudice to the rights to refile and assert the claim. R. McDonald, 4 Texas Civil Practice in District and County Courts § 17.14 (rev.1984). And, as previously noted, even if the judgment of dismissal with prejudice is void, a bill of review is the exclusive remedy to vacate it. *Middleton v. Murff, supra*, 689 S.W.2d at 213.

■ Moreover, the judgment is not subject to interpretation as an interlocutory order because it was not binding on the child. Of course, a judgment is interlocutory if it does not dispose of all the parties. *See, e.g., Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). But in this regard and as used in the technical sense, a party is one by or against whom a suit is brought and not one who is incidentally or consequentially affected by the suit. *Southern Surety Co. v. Arter*, 44 S.W.2d 913, 914–15 (Tex.Comm'n App.1932, judgmt adopted). In this cause, the child was not a party, for the only parties were Vasquez, who brought the action, and De La Rosa, against whom it was brought, albeit the child's interest would be affected by the result of the action. No doubt this is the reason why the Legislature provided in section 13.07, *supra*, that the child must be a party to a settlement agreement with the alleged father.

■ Normally, the erroneous judgment on appeal would require that we reverse it and render the judgment that the trial court should have rendered. Tex.R.App.P. 81(c). However, it is at once apparent that the erroneous judgment resulted from irregular actions taken without reference to or regard for statutorily prescribed provisions and pertinent procedural rules. But the actions taken do not foreclose a final determination of the issue of paternity, because even if Vasquez does not establish, by proper proceedings, her right to proceed with the paternity claim, that claim may be pursued by another. Tex.Fam.Code Ann. § 13.01 (Vernon Supp.1988). This situation authorizes us, as De La Rosa requested in oral argument at submission, to remand the cause in the interest of justice so that the claim of paternity may be properly determined. *Morrow v. Shotwell*, 477 S.W.2d 538, 541–42 (Tex.1972).

Accordingly, the judgment is reversed and the cause is remanded to the trial court.