**In the Matter of J.D.G., a Minor Child.**

No. 04–96–00541–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 15, 1997.

Bruce H. Neyland, San Antonio, for Appellant.

Mark Cashion, Law Office of Mark Cashion, Devine, Bill Tschirhart, Murrah, Torres & Russell, P.C., Castroville, Paul Johnson, Assistant Attorney General, Child Support Litigation Division, Uvalde, Keith A. Needels, Law Office of Keith C. Needels, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

LÓPEZ, Justice.

This is an appeal challenging the trial court's order establishing the paternity of Daniel J. McGrath as the biological father of J.D.G. We uphold the trial court's finding of paternity and affirm the judgment.

The Texas Attorney General originally filed this action on behalf of J.D.G. McGrath signed a statement of paternity and counterclaimed by verified pleadings, requesting possession, access, and to be named joint managing conservator. The family law Master and all parties signed an order titled Temporary Orders and Order Establishing the Parent–Child Relationship on November 6, 1995. The order stated that the issues of the child's surname, child support, conservatorship, possession and access, and health insurance would be determined at a final hearing. The order was adopted by the District Court on November 14, 1995. No further action was taken before McGrath died intestate on December 30, 1995.

Appellant, Patricia McGrath Gutting, sister of the deceased, filed a plea in intervention to set aside the finding of paternity from the November, 1996 order. The family law Master held a hearing at which she found the prior order interlocutory and ordered blood testing be done on the mother, putative deceased father, and the child. On appeal to the district court, the court declared that the issue of paternity had been finally established and denied the plea in intervention requesting blood testing. Appellant brings three points of error challenging the district court's order establishing paternity and denying the plea in intervention.

■ In her first point of error, appellant contends that the trial court erred in determining that the November order establishing the parent-child relationship was a final order. She asserts that because the issue of the child's surname was not decided, the order cannot be final. Family Code section 160.006(c) sets forth that "[i]f parentage is established, the order shall state the name of the child." TEX. FAM.CODE ANN. § 160.006(c) (Vernon 1996). Appellant urges this court to interpret the statute as requiring the finding of paternity to be accompanied by a finding of whether to change the surname of the child.

Appellee argues that the child's name is included in the order, but the determination of whether to change the surname was left for a later date. Section 160.006(b) states that "[t]he effect of an order declaring that an alleged parent is the biological parent of the child is to confirm or create the parent-child relationship between the parent and the child for all purposes." TEX. FAM.CODE ANN. § 160.006(b) (Vernon 1996).

We find no authority requiring that the court's order establishing paternity also include a finding on whether to change the surname of the child. The plain language of the statute requires only "the name of the

child," which is clearly set forth in the order before us.

▮ Section 160.201 of the Family Code allows for the filing of a voluntary statement of paternity and further instructs the court that it "shall render an order adjudicating the child to be the biological child of the child's father and the father to be a parent of the child if the court finds that the statement of paternity was executed as provided by this chapter, and the facts stated are true." TEX. FAM.CODE ANN. § 160.201 (Vernon 1996). The voluntary statement of paternity appears to comply with statutory requirements and there is nothing in the record that would indicate the trial court found otherwise. *See* TEX. FAM.CODE ANN. § 160.202 (Vernons 1996). Furthermore, McGrath's answer to the suit admits paternity and requests conservatorship, possession and access. Both parties waived the making of a record at the hearing. Without an adequate record, we must assume the trial court found adequate facts to support the judgment. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 806 (Tex.1968); *Box v. Flynn*, 870 S.W.2d 585, 596 (Tex.App.—San Antonio 1993, no writ).

The November order is titled "Temporary Orders and Order Establishing the Parent–Child Relationship." Appellant argues that because the order does not dispose of all issues, but refers to a final hearing, there is no final judgment. However, both parties agree that the order issued by the district court on May 13, 1996 was a final order disposing of all issues and parties in the suit. Although the final order addresses only paternity and the plea in intervention, the parties also agree that all issues regarding support and conservatorship became moot upon the death of McGrath.

▮ The final order was a proper appeal from the family law Master's ruling on the plea in intervention. *See* TEX. GOV'T CODE ANN. § 54.012(a); *Vaughan v. Vaughan*, 805 S.W.2d 913, 913 (Tex.App.—Corpus Christi 1991, writ denied). Therefore, even if the original finding on paternity was not a final order, the district court is authorized to issue the final order determining paternity based on the evidence before it on appeal.

We find that based on the pleadings and evidence before the trial court, it did not err in ordering that paternity was established. We overrule appellant's first point of error.

In her second point of error, appellant asserts that the November order was a settlement agreement and is therefore void under Texas Family Code section 160.003(c), requiring that the child be represented by a guardian ad litem in a settlement agreement unless "the court finds on the record that the interests of the child will be adequately represented." TEX. FAM.CODE ANN. § 160.003(c) (Vernons 1996). Appellant points us to *De La Rosa v. Vasquez*, 748 S.W.2d 23, 25 (Tex. App.—Amarillo 1988, no writ), for the proposition that a settlement agreement in a paternity action is void unless the child is appointed a guardian ad litem. In *De La Rosa*, the mother and putative father reached an agreement and filed for non-suit of the paternity action. The mother later attempted to re-file the paternity action. The court found that because the prior dismissal of the paternity action had not been appealed, nor was a bill of review filed, the judgment was final and actions taken by the trial court upon refiling were without jurisdiction. *Id.* at 25. However, the appellate court remanded the case in the interest of justice, based on the premise that the child had not been represented in the initial settlement. *Id.* at 26.

▮ Appointment of a guardian ad litem is not necessary in every paternity action and there is a presumption that the child's interests will be adequately represented by the party bringing suit. TEX. FAM.CODE ANN. § 160.003 (a),(b) (Vernons 1996). Only when there is a settlement agreement, dismissal, or nonsuit is a guardian ad litem required, absent a finding on the record that the child is adequately represented. TEX. FAM.CODE ANN. § 160.003 (c) (Vernons 1996).

▮ An order is void only when it is clear that the rendering court had no jurisdiction over the parties or subject matter. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995). All errors other than jurisdictional errors render the judgment voidable and must be challenged through a direct

attack only. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985).

 There is no allegation that the court lacked jurisdiction in this case. The only indication of an agreement by the parties is under the visitation schedule: "The court ORDERS DANIEL J. McGRATH and PAULA GARZA to follow the following temporary visitation schedule, since the parties have agreed to same...." On the first page of the order where appearances are listed, we note that both the mother of J.D.G. and McGrath appeared in person. There is an option to choose that states "agreed to the entry of these orders as evidenced by her/his signature," but that option is left blank for both parties.

We also refer again to the final order, which is the subject of this appeal. Although the parties may have agreed to temporary visitation in the initial order, there was no settlement agreement, dismissal or nonsuit involved in the final appealable order. The purpose of the statute requiring an attorney ad litem for the child is to protect the child's best interest. TEX. FAM.CODE ANN. § 107.011 (Vernons 1996). In establishing the paternity of the child, we cannot see how this was adverse to the interest of J.D.G.

We find that the final order was not void due to the trial court's failure to appoint an attorney ad litem. No settlement agreement, dismissal or nonsuit was involved. Therefore, the trial court had discretion to decide whether to appoint an ad litem and could presume that the child's interests were adequately represented by the parties. Point of error two is overruled.

In her last point of error, appellant contends that the trial court erred in denying the plea in intervention. The plea in intervention asked that the November temporary orders be set aside and that blood tests be ordered for the mother, J.D.G. and McGrath.

Appellee points us to *Shockome v. Hernandez*, 587 S.W.2d 535, 537 (Tex.Civ.App.—Corpus Christi 1979, no writ), where that court found that ordering blood tests was discretionary when the father has voluntarily admitted paternity. This discretion is also set. forth in the Family Code: "If the respondent

fails to appear and wholly defaults or *if the allegation of parentage is admitted, the court may waive parentage testing.*" TEX. FAM. CODE ANN. § 160.102(b) (Vernon 1996) (emphasis added).

 The statement of paternity filed by McGrath is "prima facie evidence that the child is the child" of McGrath. *See* TEX. FAM.CODE ANN. § 160.203(a) (Vernon 1996). There is nothing in the record expressly disputing McGrath's paternity. Therefore, the suit proceeds under Subchapter C of Chapter 160 in the Family Code. TEX. FAM. CODE ANN. §§ 160.201–160.205 (Vernons 1996).

We find that under the circumstances where a statement of paternity has been filed, the trial court does not abuse its discretion in denying a request for blood tests at a later date. The district court had authority to review the family law master's decision and determine that blood tests were unnecessary when there was a clear admission of paternity. Point of error three is overruled and the trial court's judgment is affirmed.