Affirmed and Opinion filed July 3, 2002









Affirmed and Opinion
filed July 3, 2002.

 




 
 
 
  
 
 
 




 

In
The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00209-CV

____________

 

CLARISSA
LOUISE BAIZE, Appellant

 

V.

 

JOHN
THOMAS BAIZE, Appellee

 

______________________________________




 
 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




On Appeal from the 309th
District Court

Harris County, Texas

Trial Court Cause No. 00-02435

 

______________________________________




 
 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




O P I N I O N








In
this case we address the timeliness of a paternity challenge made after
rendition of judgment but before the trial court’s entry of final judgment and
the necessity, if any, for the appointment of an ad litem
to represent the interests of the affected child under these
circumstances.  Appellant Clarissa Louise
Baize (AClarissa@)
appeals from the trial court=s denial of her motion for new trial and request
that the court order her ex-husband, appellee John
Thomas Baize (AJohn@), to undergo paternity testing to establish the
paternity of J.T.B., whom they have reared since birth as their son.  In two issues, Clarissa contends the trial
court erred in denying her request for court-ordered paternity testing and in
failing to appoint an ad litem to represent the
interests of J.T.B. after she contested John=s
paternity.  We affirm. 

I.  Factual and Procedural Background

Clarissa
gave birth to J.T.B. on February 18, 1994. 
Less than a year later, Clarissa and John married.  In January 2000, John filed for divorce from
Clarissa.  In June 2000, the parties
entered into a mediated settlement agreement establishing the terms and
conditions for possession and conservatorship of
J.T.B., who was then six years old.  The
parties agreed that John would have primary possession with the right to
determine the child=s primary residence. 
Both parties had the opportunity to review and discuss these terms with
their respective counsel before signing the agreement.  The agreement expressly stated that any settlement
reached as a result of the mediation would be binding on the parties.  Both parties signed the agreement and their
attorneys filed it with the trial court. 


On
September 18, 2000, the trial court conducted a hearing on the merits of John=s divorce petition and on the parties= mediated settlement agreement.  At the conclusion of the hearing, the trial
court orally granted the parties=
divorce, and the trial court also found the settlement agreement to be in the
best interest of J.T.B. and entered the settlement agreement as an order of the
court.








On November 2,
2000, after the trial court had orally granted the parties= divorce, Clarissa filed a denial of paternity,
asserting that John was not the father of J.T.B.  Clarissa requested court-ordered paternity
testing.  At a hearing on November 10,
2000, the court denied Clarissa=s request for paternity testing, finding that,
because judgment on the parties= divorce had been rendered on September 18, 2000,
Clarissa=s subsequent denial of John=s paternity and her request for paternity testing
were untimely.  The trial court then
signed the final divorce decree in conformity with the parties= mediated settlement agreement, thereby adjudicating
John as the biological father of J.T.B.

Clarissa
filed a motion for new trial, asserting that, because she had raised the issue
of paternity, the trial court erred in granting a divorce decree which named
John as the biological father.  The trial
court denied Clarissa=s motion for new trial.  Clarissa now appeals the trial court=s denial of her motion for new trial and her request
for court-ordered paternity testing. 

II.  Standard
of Review

We
will not disturb the trial court=s
refusal to grant a new trial absent a clear abuse of discretion.  Bank One, Texas, N.A. v. Moody, 830
S.W.2d 81, 85B86 (Tex. 1992); Platt v. Platt, 991 S.W.2d
481, 482 (Tex. App.CTyler 1999, no pet.).  A trial court abuses its discretion by acting
arbitrarily, unreasonably, or without regard to guiding legal principles or by
ruling without supporting evidence.  Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). 

III.  Analysis



A.  Did the trial court abuse its discretion in denying as untimely Clarissa=s motion for new
trial, which was based on her request for paternity testing?

 












In her first issue, Clarissa contends she is entitled
to a new trial because the trial court erred in granting the parties= final divorce and in denying her request for
paternity testing after she filed a motion contesting John=s paternity of J.T.B.  A man is presumed to be the biological father
of a child born before marriage if he: (1) voluntarily asserted his paternity
of the child; and (2) is either named as the father on the child=s birth certificate or obligated to support the
child under a written promise or court order. 
Tex. Fam.
Code ' 151.002(a)(3)(B),(C).  This presumption, however, is rebuttable.  Id.  The biological mother may contest the
presumption of biological fatherhood provided in Chapter 151 by expressly
denying the man=s paternity of the child in her pleadings or by
making a written statement denying his paternity.  Id. '
160.101(b).  If a question of paternity
is raised, the trial court must conduct pretrial proceedings, and it shall
order the parties to submit to scientifically accepted paternity testing.  Id. '
160.101(c).  

Clarissa concedes that she did not raise the issue
of paternity until after the trial court orally granted the parties= divorce and entered judgment in conformity with the
settlement agreement.  Nevertheless, she
maintains that when she expressly denied in writing John=s paternity of J.T.B., the trial court was required
to order the parties to submit to paternity testing.  Clarissa argues that, notwithstanding the
timing of her denial of John=s paternity, the issue must be resolved by a trial
on the merits or an agreement based on evidence supported by scientific
parentage testing.  Clarissa, however, does
not cite any cases supporting her contentions, nor has our own research
revealed any.  

At the
conclusion of the September 18 hearing, the trial court made the following oral
pronouncement:





The Court, then, having
considered the testimony and the pleadings, finds that your marriage has become
insupportable, that there is no expectation that you two could get back
together even though one of you may have wanted to continue the relationship.  If the other party is not willing to, then
that possibility of getting back together may not be there. So, I find that
there is no expectation of reconciliation.

I further find that the
agreements that you=ve reached with
respect to your son are in your son=s best interest and therefore will approve and adopt those agreements as
the order of this court.

. . .       





I=ll grant your divorce today.  Your entry is 9-29-00 at 9:00 a.m.

 












A judgment is Arendered@ when the matter submitted to the court for
adjudication is officially announced either orally in open court or by
memorandum filed with the clerk.  Samples
Exterminators v. Samples, 640 S.W.2d 873, 875 (Tex. 1982); Oak Creek
Homes, Inc. v. Jones, 758 S.W.2d 288, 290 (Tex. App.CWaco 1988, no writ).  During the
September 18 hearing, the trial court approved the parties= settlement agreement and expressed a present
intention to render a divorce decree.  Compare
S & A Rest. Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995) and
Dunn v. Dunn, 439 S.W.2d 830, 832 (Tex. 1969), with James
v. Hubbard, 21 S.W.3d 558, 560 (Tex. App.CSan
Antonio 2000, no pet.) (holding that the court=s
statement, AI am going to grant the divorce in this case@ was not a present intent to approve the divorce
settlement).        

A finding of fact in a divorce decree that a child
was born to the marriage of the parties is a binding determination that the
husband is the father of the child.[1]  See Dreyer v. Greene, 871
S.W.2d 697, 698 (Tex. 1993); In re T.S.S., a Child, 61 S.W.3d
481, 485 (Tex. App.CSan Antonio 2001, pet. denied); Thomas v. Thomas,
572 S.W.2d 761, 764B65 (Tex. Civ. App.CTyler 1978, no writ).  Other courts have held that a prior divorce
decree bars a subsequent paternity action brought in a separate
proceeding.  See Dreyer,
871 S.W.2d at 698; In re T.S.S., a Child, 61 S.W.3d at 485; Thomas,
572 S.W.2d at 764B65.  These
courts base their decisions on the principles of res judicata or collateral estoppel.  However, because Clarissa raised the
paternity issue before the trial court signed a final judgment, res judicata and collateral estoppel do not apply.  See Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628-29 (Tex. 1992) (res judicata); Bonniwell v. Beech Aircraft Corp., 663 S.W.2d
816, 818 (Tex. 1984) (collateral estoppel).  This
issue appears to be one of first impression because Clarissa raised the paternity
issue in the divorce proceeding itself, although not until after the trial
court had approved the parties= settlement and decreed a divorce in open court. 












We must decide whether the trial court abused its
discretion in determining that Clarissa=s
paternity challenge was untimely because Clarissa initiated this challenge
after the trial court had decreed a divorce in accordance with the parties= settlement agreement.  John=s original petition for divorce stated that J.T.B.
was his child and that he believed Clarissa would enter into a written
agreement providing for conservatorship and support
of J.T.B.  Clarissa did, in fact, execute
a settlement agreement giving John primary possession of the child.  The parties=
settlement agreement named John and Clarissa as the joint conservators of the
child and gave John the right to establish the child=s primary residence. There is evidence in the record
that Clarissa stated that John was not the father of J.T.B. during mediation.
Nonetheless, Clarissa did not contest paternity at that time; instead, she
signed the settlement agreement, agreeing to a divorce and giving John primary possessory rights to J.T.B. 


Furthermore, on September 18, 2000, John testified
in open court that J.T.B. was his son. 
Clarissa then testified that she agreed with all of John=s testimony, which would include his testimony that
he is J.T.B.=s father. 
Clarissa further testified that she entered into the settlement
agreement of her own free will, without 
being forced, threatened, or coerced, that she understood she was under
oath, and that she believed the settlement agreement was in the best interest
of J.T.B.  Clarissa asked the trial court
to grant a divorce on September 18, 2000. 
The trial court granted this request, decreed a divorce, and found that
the settlement agreement was in the best interest of J.T.B.  Addressing John and Clarissa, the trial court
referred to J.T.B. as Ayour son.@  












Clarissa had ample time and opportunity to contest
paternity throughout the parties=
divorce proceeding.  She did not do
so.  Instead, she waited until after the
trial court decreed divorce, a decree wholly in accordance with her settlement
agreement and based in part on her testimony indicating that J.T.B. is John=s son.  On the
facts of this case, we conclude the trial court did not abuse its discretion
when it denied Clarissa=s motion for new trial and ruled that Clarissa=s paternity challenge was untimely. See Ortmann v. Ortmann, 999
S.W.2d 85,88 (Tex. App.CHouston [14th Dist.] 1999, pet. denied) (holding
that knowledge at the time the original judgment was entered precludes
subsequent assertion of paternity or order for paternity testing); Keim v. Anderson, 943 S.W.2d 938, 942-45
(Tex. App.CEl Paso 1997, no writ) (holding that the trial court
erred in ruling on intervention because it was untimely, having been filed
after oral rendition of divorce decree); Amanda v. Hon. John
D. Montgomery, 877 S.W.2d 482, 487 (Tex. App.CHouston [1st Dist.] 1994, writ denied) (holding
that, during a mandamus proceeding, because former husband knew of
circumstances at the time of the divorce which should have caused him to
contest paternity, he was precluded from obtaining an order for paternity
testing by way of a bill of review); Spears v. Hass, 718 S.W.2d
756, 758 (Tex. App.CCorpus Christi 1986, orig. proceeding)(same as Amanda);
Gaines v. Baldwin, 629 S.W.2d 81, 82-83 (Tex. App.CDallas 1981, no writ) (holding that trial court did not err in denying maternal
grandparents= intervention and motion for new trial because
intervention was untimely, having been filed six days after oral rendition
of judgment awarding custody to father of child); see also Dreyer,
871 S.W.2d at 698; In re T.S.S., a Child, 61 S.W.3d at 485; Thomas,
572 S.W.2d at 764B65.  Moreover,
J.T.B.=s interests were fully and adequately represented
during the mediation and during the subsequent hearing on the merits of the
divorce action.  Because the trial court
did not abuse its discretion in denying Clarissa=s
motion for new trial, we overrule Clarissa=s
first issue.

B.  Did the trial court abuse its
discretion in failing to appoint an ad litem to
represent the interests of J.T.B. after Clarissa raised the issue of paternity?


 












In her second issue, Clarissa argues
the trial court erred by failing to appoint an ad litem
to represent the interests of J.T.B. after paternity of the child became an
issue.  Clarissa argues she is entitled
to a new trial.[2]  In determining whether to appoint an ad litem in paternity proceedings, a trial court exercises its
discretion.  See L.P.D. v. R.C., 959 S.W.2d 728, 730 (Tex. App.CAustin
1998, pet. denied); In re J.D.G., 940 S.W.2d 246, 248B49 (Tex. App.CSan
Antonio 1997, no writ).  The issue is
whether circumstances exist which would cause a prudent trial judge to believe
that the appointment of an ad litem is necessary to
adequately represent and protect the child=s
interests.  See L.P.D., 959 S.W.2d
at 730.  Thus, the trial court=s decision will not be overturned absent an abuse of
discretion.  See id.

In a paternity proceeding, the child is not a
necessary party.  In a trial on the
merits, the trial court applies a rebuttable
presumption that the interests of the child will be adequately represented by
the party bringing suit to determine parentage. 
See Tex. Fam. Code '
160.003(a),(b); see also R.M.H. v. Messick,
828 S.W.2d 226, 228B29 (Tex. App.CFort
Worth 1992, no writ).  However, if the
court finds that the child=s interests will not be adequately represented by a
party to the suit or that the child=s
interests may be adverse to that party=s
interests, the court shall appoint an ad litem to
represent the child.  Tex. Fam. Code
' 160.003(b). 
Section 160.003(c) states that a Achild
shall be represented in a settlement agreement, dismissal, or nonsuit by a guardian ad litem or
an attorney ad litem unless the court finds on the
record that the interests of the child will be adequately represented by a
party to the suit.@  Id. ' 160.003(c) (emphasis added).  Although the present case involves a
settlement agreement, Clarissa did not challenge paternity until after she had
entered into the settlement agreement and the trial court had rendered judgment
on that agreement.  Furthermore, both
subsections (b) and (c) contain the same underlying concern: that the interests
of the child be adequately represented.  Id. '
160.003(b), (c); see also Tex. Fam. Code '
107.001 (stating that Athe purpose of the statute requiring an ad litem for the child is to protect the child=s best interest@).












Clarissa neither requested appointment of an ad litem nor objected to the trial court=s failure to appoint one.  When there are no circumstances causing a
trial court to believe an ad litem is necessary, a
party who does not request appointment of an ad litem
and does not object to the failure to appoint one waives any error regarding
the trial court=s failure to appoint an ad litem.  Tex.
R. App. P. 33.1; Bott v. Bott, 962 S.W.2d 626, 630 (Tex. App.CHouston [14th Dist.] 1997, no pet.); Linan v. Linan, 632
S.W.2d 155, 157 (Tex. App.CCorpus Christi 1982, no writ) (op. on reh=g).  Because
Clarissa failed to request the court to appoint an ad litem
and failed to object to the court=s
failure to appoint one during the divorce proceedings, she has not preserved
her complaint for appellate review.

In any event, even absent this waiver, there is
nothing in the record to suggest how the trial court=s judgment was adverse to the interests of
J.T.B.  John and Clarissa entered into a
mediated settlement agreement and agreed at that time that the terms of the
agreement were in the best interest of their son.  Clarissa acknowledges that she signed the
agreement notwithstanding her lingering questions about John=s paternity. 
John has been the only father that J.T.B. has ever known.  The record does not reveal the identity of
the man Clarissa claims is J.T.B.=s
father.  Clarissa does not contend that
another man has even been told that he has a son, nor does she point to any
evidence which would even suggest that any other man wishes to take on the role
of being J.T.B.=s father or of being part of his life.  John has provided care, love, and support to
J.T.B. since the day the child was born, and John is willing to continue
providing this support and being a father to this eight-year-old boy.  Finally, at the conclusion of the hearing,
the trial court expressly found that the parties=
agreement was in the best interest of their child, stating: 





. . . I
further find that the agreements that you=ve reached with respect to your son are in your son=s best
interest and therefore will approve and adopt those agreements as the order of
this court. 

 












Thus, in this case, we find that J.T.B.=s interests were adequately represented at mediation
and that the agreement was in his best interests.  Compare In the Matter of J.D.G., 940
S.W.2d 246, 248 (Tex. App.CSan Antonio 1997, no pet.) (holding that the trial
court had the discretion whether to appoint an ad litem
and finding that the child=s interests were adequately represented by the
parties), with L.P.D. v. R.C., 959 S.W.2d 728, 730 (Tex. App.CAustin 1998, pet. denied) (holding that there was no
person before the court who understood the child=s
interests and the trial court abused its discretion in not ordering an ad litem to represent the child=s
interests), and  De La Rosa v. Vasquez,
748 S.W.2d 23, 25 (Tex. App.CAmarillo 1988, no writ) (holding that unless the
child=s interests are adequately represented, the
settlement agreement is void). 

Accordingly, because Clarissa failed to timely
object and J.T.B.=s interests were adequately represented during the
settlement agreement, we find the trial court=s
failure to appoint an ad litem was not an abuse of
discretion.  We overrule Clarissa=s second issue.

We affirm the trial court=s judgment. 

 

 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Opinion filed
July 3, 2002.

Panel consists of Justices Yates,
Frost, and Seymore.

Publish C Tex.
R. App. P. 47.3(b).

 

 

 













[1]  Although J.T.B. was born before John and
Clarissa married, John and Clarissa both gave testimony at the September 18
hearing indicating that J.T.B. was their child, and the trial court approved
the parties=
settlement and decreed a divorce on September 18 based on this testimony.  The final divorce decree confirmed this by
stating that J.T.B. was a child of the marriage and that John and Clarissa are
his parents.  





[2]  As an aside,
Clarissa argues the trial court granted a de facto termination of J.T.B.=s rights to his real biological father without having
him adequately represented by an ad litem under
section 107.001 of the  Family Code.  Clarissa failed to develop this argument or
provide this court with any authorities or analysis in support of her argument,
and thus has waived any error.  See
Tex. R. App. P. 38.1. 
Regardless, the section on which Clarissa relies deals with the
appointment of an ad litem in a suit in which
termination of the parent-child relationship is requested C not, as here, a
suit to determine paternity of a child.  See
Tex. Fam.
Code ' 107.001(a).