Maria M. Guadalupe **SAHAGUN,**
Appellant,

v.

Enrique **IBARRA,** Sr., Appellee.

No. 04–01–00562–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 25, 2002.

Gloria E. Hernandez, Eagle Pass, for Appellant. Alberto M. Ramon, Law Office of Alberto M. Ramon, Eagle Pass, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by KAREN ANGELINI, Justice.

This appeal arises from a dispute over a house in which Maria M. Guadalupe Sahagun possesses legal title. The trial court determined that a resulting trust was created at the inception of title in Enrique Ibarra, Sr.'s favor and that this equitable title was superior to Sahagun's legal title. Sahagun brings four issues on appeal. We overrule all issues and affirm the judgment of the trial court.

## BACKGROUND

In 1991, Ibarra and Sahagun were romantically involved despite the fact that Ibarra was married to another woman. Ibarra moved into Sahagun's home. Sahagun then sold her home, and she and Ibarra moved into a rental property. In 1996, Sahagun bought a house in her name for $89,000.00. That house is the subject of this appeal. Ibarra contributed $10,000 in earnest money. Sahagun paid an additional $15,000.00 as a down payment. Ibarra contends that he and Sahagun intended to buy the house together. According to Ibarra, the reason that the title was in Sahagun's name was because he and Sahagun did not want his wife to know about the purchase. Sahagun disputed Ibarra's version of events and testified that Ibarra gave her the money, because he had "lived with me for so long off [sic] of me." Sahagun claims that Ibarra knew that the house was hers and that it would eventually belong to her daughter. Ibarra and Sahagun lived in the house together as a couple. Ibarra and Sahagun later separated, and Ibarra moved out of the home. When Sahagun put the house up for sale, Ibarra filed a *lis pendens*. He then filed suit against Sahagun. Later, Ibarra filed a motion to dismiss without prejudice, claiming that the parties had settled their dispute. According to Sahagun, she and Ibarra agreed that she would repay him $10,000.00. This agreement, however, was not reduced to writing. The trial court granted the motion to dismiss and entered an order of dismissal without prejudice. In March of 1998, Ibarra and Sahagun went to the law office of Ibarra's divorce attorney. Sahagun gave Ibarra a check for $2,000.00 with a notation "partial pymt. on loan" in the memo section. Sahagun claims that she made this payment in accordance with their settlement agreement. Ibarra disputes Sahagun's assertion and contends that Sahagun paid him the money so that he could get a divorce and that he never saw the notation on the check. Ibarra refiled his lawsuit against Sahagun, requesting that the trial court impose a constructive trust in his favor. The case was tried to the bench. At trial, Ibarra sought an amendment to add a claim for a

resulting trust.[1] The trial court found in Ibarra's favor and imposed a resulting trust, awarding Ibarra an undivided interest of 43/100 in the house.

### JURISDICTION AND RES JUDICATA/COLLATERAL ESTOPPEL

 In her first and second issues, Sahagun argues that the trial court had no jurisdiction to enter its judgment. Sahagun contends that the prior order of dismissal without prejudice is substantively an order dismissing the cause with prejudice and thus, bars Ibarra's refiling his suit against her pursuant to the doctrines of res judicata and collateral estoppel. Indeed, a dismissal with prejudice functions as a final determination on the merits, *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991), and orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring any subsequent suit arising out of the same facts brought by the same party against the same respondent. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex.App.-Houston [1st Dist.] 1998, no pet.).

Sahagun urges that we should look to the substance of the motion and not to its title. Because the motion to dismiss without prejudice states that "the parties have settled their dispute," Sahagun argues that we should interpret the substance of the motion as requesting dismissal with prejudice. Similarly, Sahagun contends that because the order of dismissal without prejudice states that the trial court determined the motion to be "meritorious," we should interpret the order as dismissing the case with prejudice. For support, Sahagun cites *De La Rosa v. Vasquez*, 748 S.W.2d 23 (Tex.App.-Amarillo 1988, no writ), which arose out of a suit to establish paternity. In that case, although the parties entitled their joint motion a "motion for nonsuit," they requested that the court dismiss their suit with prejudice as they had fully settled their dispute. *Id.* at 26. On appeal, Vasquez argued that the trial court should not have entered judgment with prejudice, because their joint motion was entitled a motion for nonsuit. *Id.* The appellate court disagreed and after reviewing the substance of the motion, determined that the motion, despite its title, was a motion seeking dismissal with prejudice based upon the compromise and settlement of the parties. *Id.* Sahagun asks that we interpret this holding to extend to any motion seeking dismissal because the parties have settled their dispute. We decline to do so.

Here, Ibarra moved for dismissal *without prejudice* on the grounds that the parties had settled their dispute.[2] The trial court then ordered that the cause be dismissed *without prejudice*. The clear intent of the motion and the order was that the cause be dismissed without prejudice. As the cause was dismissed without prejudice, res judicata and collateral estoppel did not bar Ibarra's suit. We overrule Sahagun's first and second issues.

### RESULTING TRUST

 In her third issue, Sahagun argues that there was no evidence to impose a resulting trust against her. A resulting trust arises by operation of law when title is conveyed to one person but the purchase price or a portion of it is paid by another.

---

1. Although Sahagun objected to the amendment at trial, she does not bring an issue on appeal with regard to the propriety of the trial court allowing Ibarra to add a claim for a resulting trust.

2. In fact, Ibarra and Sahagun never signed any papers memorializing a settlement agreement. So, the merits of the underlying dispute between Ibarra and Sahagun were never resolved.

*Tricentrol Oil Trading, Inc. v. Annesley,* 809 S.W.2d 218, 220 (Tex.1991). To create a resulting trust, the payment must be made at the time of purchase and the person seeking to impose a resulting trust must have paid the money in the character of a purchaser. *Lifemark Corp. v. Merritt,* 655 S.W.2d 310, 317 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.). No resulting trust exists in favor of one who pays the purchase price by way of mere loan to another and the conveyance is taken in the name of the borrower. *Id.; Jordan v. Jordan,* 154 S.W. 359, 361 (Tex. Civ.App.-Texarkana 1913, writ ref'd) (citing *Boehl v. Wadgymar,* 54 Tex. 589 (1881)). Thus, if A loans money to B, B purchases property with that money, and the conveyance is taken in B's name, no resulting trust arises in favor of A. However, if A pays the purchase price and causes the deed to the property to be placed in B's name, a resulting trust does arise in favor of A. *See Atkins v. Carson,* 467 S.W.2d 495, 500 (Tex.Civ.App.-San Antonio 1971, writ ref'd n.r.e.).

In reviewing a legal sufficiency challenge on appeal, all the record evidence and reasonable inferences from that evidence are reviewed in a light most favorable to the findings, and the finding is upheld if it is supported by anything more than a scintilla of evidence. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Id.*

Sahagun argues that Ibarra was required to prove a fiduciary relationship citing language in *Tricentrol Oil Trading, Inc. v. Annesley,* 809 S.W.2d 218, 220 (Tex. 1991), for support. In *Tricentrol,* the supreme court explained that "[w]hen title to property is taken in the name of someone other than the person who advances the purchase price, *a resulting trust is created in favor of the payor.*" *Id.* (emphasis added). Once this resulting trust is created, the "trustee of a resulting trust stands in a fiduciary relationship with the beneficiary insofar as the trust property is concerned." Id. *Tricentrol* stands for the proposition that once a resulting trust is created, the trustee (in this case, Sahagun) stands in a fiduciary relationship with the beneficiary (in this case, Ibarra). For the evidence to be legally sufficient, there must be some evidence that a resulting trust was created. There need not, however, be evidence of a fiduciary relationship between Ibarra and Sahagun prior to the creation of the resulting trust. The creation of the resulting trust, itself, establishes the fiduciary relationship.

At trial, Ibarra testified that he and Sahagun decided to buy a house because "they were just throwing money away" by renting a house. A real estate agent had told him about the house that is the subject of this suit. According to Ibarra, he and Sahagun liked the house and Ibarra put $1,500.00 of his separate money down as earnest money. Ibarra testified that he and Sahagun decided to purchase the house in her name because Ibarra was not divorced and they wanted to protect Sahagun from his wife and children. Because he and Sahagun wanted to "expedite things," Ibarra put $8,500.00 more down as earnest money. Thus, according to Ibarra's testimony, he and Sahagun agreed to purchase the house together. Although Sahagun's testimony contradicts Ibarra's, his testimony is more than a scintilla of evidence that a resulting trust was created at the time of inception of title. We overrule Sahagun's third issue.

### TEXAS RULE OF CIVIL PROCEDURE 13

In her final issue, Sahagun argues that the trial court should have awarded

her attorney's fees pursuant to Texas Rule of Civil Procedure 13 because Ibarra filed a frivolous and groundless suit. We have held, however, that Ibarra did present some evidence to show that a resulting trust was created in his favor. Ibarra, therefore, did not file a groundless suit and the trial court did not abuse its discretion in denying Sahagun's request for attorney's fees under rule 13. We overrule Sahagun's final issue.

## CONCLUSION

Having overruled all issues, we affirm the judgment of the trial court.