In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00238-CV


 _____________________



IN RE JOHN ADDISON 






Original Proceeding







MEMORANDUM OPINION


 In this mandamus proceeding, John Addison asks this Court to stay all proceedings
in the court below, order the trial court to set aside its order granting a new trial, and strike
the petition in intervention filed by Keri Berotte. We deny the relief requested.

 The underlying suit is a wrongful death and survival action filed by John Addison
individually and as representative of the Estate of Brooke Blackerby, Deceased. According
to Addison, Brooke died after falling in the home of the defendants, Johnny Vestal and Leler
D. Vestal. Addison stated in his mandamus petition that he and the Vestals settled the case.
On March 3, 2009, the trial court granted Addison's "Motion for Non-Suit with Prejudice"
as to the survival action. On March 30, 2009, the parties appeared in court through their
attorneys and announced that "all matters of fact as well as of law had been settled by and
between the parties," and the trial court dismissed the entire case with prejudice. Alleging
that she is a statutory beneficiary and necessary party to the case and that the parties
purposely failed to include her in the wrongful death settlement, Keri Berotte, Brooke's
mother, filed a petition in intervention and a motion for new trial on April 15, 2009. Addison
filed a motion to strike Berotte's petition in intervention as untimely filed. After conducting
a hearing, the trial court granted Berotte's motion for new trial on April 29, 2009. Relator
has not presented this Court with a record of the hearing. 

 Addison contends the dismissal of the case was a ministerial act and the trial court
abused its discretion by reinstating the case based upon a motion for new trial filed by
Berotte. Addison also argues Berotte cannot "unilaterally revive" the claims by filing a
petition in intervention after the trial court dismissed the entire case by agreement of the
parties. Generally, plaintiffs have the right to take a non-suit. See Tex. R. Civ. P. 162. A
request for dismissal with prejudice based upon a settlement resulting in what amounts to an
adjudication of the merits may be "different from the ordinary non-suit that involves no
adjudication and is without prejudice. . . ." See De La Rosa v. Vasquez, 748 S.W.2d 23, 26
(Tex. App.--Amarillo 1988, no writ). 

 The trial court's plenary power runs from the date of the order. See In re Bennett, 960
S.W.2d 35, 38 (Tex. 1997); Tex. R. Civ. P. 329b(d). Even when a party files a notice of non-suit, the trial court does not have to dismiss the case immediately. Univ. of Tex. Med. Branch
at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98, 100 (Tex. 2006). Rule 162
permits the trial court to hold hearings and enter orders while it retains plenary power. Estate
of Blackmon, 195 S.W.3d at 101. In this case, the trial court retained its plenary power on
the date it reinstated the case. "New trials may be granted and judgment set aside for good
cause, on motion or on the court's own motion on such terms as the court shall direct." Tex.
R. Civ. P. 320. 

 Mandamus relief is available only to correct a clear abuse of discretion for which the
relator has no adequate remedy at law. In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
135-36 (Tex. 2004). The relator has not shown that the benefits of a mandamus review in
this case outweigh the detriments of pre-trial review. See Id. Accordingly, we deny the
petition for writ of mandamus. The motion for temporary relief is denied as moot.

 PETITION DENIED.

 PER CURIAM

Opinion Delivered June 25, 2009

Before Gaultney, Kreger, and Horton, JJ.