Paulean Elizabeth DeLIPSEY, Appellant,

v.

Harry Clay DeLIPSEY, Appellee.

No. 7513.

Court of Civil Appeals of Texas.

Texarkana.

July 16, 1963.

Horace G. Goodrich, Dallas, for appellant.

James Ross, Longview, for appellee.

FANNING, Justice.

Plaintiff-appellant sued defendant-appellee for divorce, custody of their two minor children and on other matters. Appellee filed a cross-action for divorce and sought custody of the two minor children. A jury answered all special issues submitted in favor of appellee and against appellant. The trial court rendered judgment granting appellee a divorce and custody of the two minor children, and granted certain stated visitation rights to appellant, and also adjudicated the property rights of the parties and other stated matters. Appellant's motion for new trial was overruled and she has appealed.

Although appellant on appeal refers to certain numbered pages in an alleged statement of facts a careful check of the records of this court reveals that no statement of facts has been filed in this court in this cause. Also neither a statement of facts on motion for new trial nor any bills of exception have been filed in this court in this cause.

Appellant's 2nd, 3rd and 6th points relate to alleged perjury, alleged jury misconduct and the alleged error of the trial court in refusing to grant plaintiff-appel-

lant's motion for judgment n. o. v. Appellee challenges appellant's 2nd, 3rd and 6th points on the ground that since there is no statement of facts filed in this cause there is no way to determine whether reversible error, if any, was or was not committed in the respects complained of by such points. Appellee's objections to appellant's 2nd, 3rd and 6th points are well taken. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683. Appellant's 2nd, 3rd and 6th points are overruled.

We also hold, after examining plaintiff-appellant's original petition, defendant-appellee's cross-action and defendant-appellee's first supplemental petition, that the names and ages of the minor children were sufficiently averred and that Art. 4639a, Vernon's Ann.Civ.St., was sufficiently complied with and that the trial court had jurisdiction to render the judgment it rendered. In this connection see the following authorities: Miller v. Miller, Tex.Civ.App., 131 S.W.2d 245; Clare v. Clare, Tex.Civ. App., 138 S.W.2d 220; Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198. Appellant's first point is overruled.

We also hold that under this record there is no showing made that the trial court committed error in proceeding to trial without the attendance of a court reporter, as there is no showing made that plaintiff-appellant ever demanded or requested a court reporter, nor made a request for postponement or a continuance of the trial based upon the absence of a court reporter, nor ever excepted to going to trial without the presence of a court reporter. By having failed to make a request for a court reporter, by proceeding to trial without a reporter, and by failing to obtain a statement of facts independent of a court reporter's notes in the manner provided by the rules of civil procedure, appellant has waived any alleged error on the part of the court in failing to provide, without request or objection, a court reporter. Appellant has not shown diligence and has not been wrongfully deprived of a statement of facts

under this record. Appellant's 4th point is overruled.

Appellant by her 5th point contends to the effect that the trial court erred in failing to order an investigation by the juvenile department of Gregg County, Texas, concerning the surroundings and circumstances of the minor children in question, prior to trial of the cause. The record in this cause fails to show any request on the part of appellant or her counsel to the court for such an investigation and also fails to show any objection to going to trial prior to such an investigation. Also under Sec. 20 of Art. 2338–13, V.A.C.S., it was discretionary with the trial court as to whether such an investigation would be required. Neither error nor abuse of discretion on the part of the trial court in the respect complained of is shown and appellant's 5th point is overruled.

The judgment of the trial court is affirmed.