**William Richard SWEARINGEN, Appellant,**

v.

**Mary Carell SWEARINGEN, Appellee.**

**No. 17305.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 15, 1979.

Rehearing Denied March 22, 1979.

L. A. Greene, Jr., and Duncan Neblett, Jr., Houston, for appellant.

Lilly & Short, Earle S. Lilly, Houston, for appellee.

WARREN, Justice.

William Richard Swearingen appeals from an adverse jury verdict naming Appellee Mary Caroll Swearingen, the Managing Conservator of the two minor children born of the marriage and of the trial court's awarding an interest in the family home to Appellee.

In points of error one, two and three Appellant complains that the trial court did not fully protect the rights of the children, that it erred in failing to appoint an attorney ad litem and failed to order a social study.

■ The first point is too broad to be considered separately, but will necessarily be considered when discussing the remaining points of error.

■ There was no request made by either parties for the trial court to appoint an attorney or order a social study. The record reveals no circumstances which would cause a prudent trial judge to believe that such would be necessary, especially without a request. Sections 11.10(c) and 11.12(a) of the Family Code authorize the trial court to appoint an attorney ad litem and to order a social study respectively. These provisions are, however, permissive not mandatory. An abuse of discretion is not shown. *De Lipsey v. De Lipsey,* Tex. Civ.App., 369 S.W.2d 828.

Appellant's fourth and fifth points of error complain of the trial courts granting a motion in limine on behalf of Appellee and in refusing to grant one requested by the Appellant.

■ When the evidence was introduced by Appellee at the trial concerning the matters of which Appellant sought to exclude in his motion in limine, no objection was made. Conversely, Appellant proffered no testimony at trial concerning the matter on which the court had sustained Appellee's motion in limine.

The Supreme Court of Texas in *Hartford Accident and Indemnity Company v.*

*McCardell,* 369 S.W.2d 331 (1963) stated the well recognized rule regarding the preservation of error when confronted with an adverse ruling on a motion in limine.

"If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were in fact asked or offered. If they were *in fact* asked or offered. If they were *in fact* asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal. In neither case —(1) questions not asked or evidence not offered, or (2) questions asked or evidence offered—should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error."

In neither example did Appellant herein preserve error.

■ Point of error six claims error by the trial court in admitting testimony concerning the "tender years" concept, claiming this testimony to be in violation of Section 14.01, Texas Family Code, which requires the court (or jury) to consider the qualifications of the respective parents without regard to the sex of the parent. No objection by Appellant was made to the introduction of this testimony nor was any motion made to have the court instruct the jury to disregard the testimony. No error was preserved, if such testimony was in fact error.

In his seventh point of error appellant claims the trial court erred in admitting opinion evidence from a witness (Janice Armstrong) who was not qualified as an expert. No objection was made to her giving opinion evidence. However, Mrs. Armstrong testified that she had earned a Masters of Art Degree in Religion from Yale Divinity School specializing in ministries and families and that she had directed continuing education conferences for professionals while there; that she had founded and directed Childrens' Resource and Information Services, had done post graduate clinical training; worked with the La Neer Operating Foundation concerned with emotional disturbances in children, and had membership in the International Transactional Analysis Association and the American Marriage and Family Life Association.

■ Expert testimony is the testimony of persons who are particularly skilled, learned or experienced in a particular art or science, trade, business, profession or vocation, a thorough knowledge of which is not possessed, in regard to matters connected therewith, by persons in general. Am.Jur. Evidence § 764.

■ Whether or not a person offered as an expert possesses required qualifications is within the discretion of the trial judge and his ruling will not be reviewed in the absence of clear abuse. *Rhinetubes, Inc. v. Norddeutscher Lloyd,* 335 S.W.2d 269 (Tex.Civ.App. writ ref. n. r. e.). The trial court had ample justification to allow the opinion testimony, particularly in the absence of an appropriate objection.

■ On a motion for new trial, appellant produced witnesses, some of whom had testified at the trial. The only witnesses whose testimony were not cumulative was L. J. Alexander, a juror, who testified that if he believed appellee had had an affair during the marriage he could have changed his mind (verdict), a private detective who gave testimony intimating sexual misconduct by appellee after separation of the parties and Joan Caldwell of Homes of St. Mark, an adoption agency, who rebutted testimony given by Mrs. Armstrong at the trial. None of the evidence was shown to be newly discovered or even unavailable at the time of trial except of course that of the juror. Generally the hearing on the motion for new trial was merely a continuation of the trial. This testimony presents no grounds for a new trial.

■ In order to require the granting of a new trial or ground of newly discovered evidence, movant must show (1) the existence of newly discovered evidence (2) that he had no notice of the existence of such evidence prior to trial (3) that due diligence had been used to procure the evidence (4)

that the evidence is not merely cumulative and does not tend to impeach testimony of the adversary and (5) that the evidence would probably produce a different result at new trial. *In re Y,* 516 S.W.2d 199 (Tex.Civ.App. writ ref. n. r. e.).

Appellant contends that the judgment of the trial court was not supported by the evidence, that it was not supported by sufficient evidence and was against the great weight of the evidence. A careful review of the record shows both sides produced witnesses testifying that the party by whom they were summoned was the proper party to have custody of the minor children or gave testimony indicating the opposite party would be unfit. Each of the parties testified that they loved the children and wanted to be named Managing Conservator. No remarkable evidence was presented which would cause an average jury to strongly favor or disfavor either party. Under these circumstances the jury would have been justified in selecting either of the parties as managing conservator. The points are without merit as the jury's verdict is clearly supported by the evidence.

Appellant complains that the court wrongly divested him of his separate property. The only testimony concerning this was elicited from Appellant on the motion for new trial where he testified that (1) the home was bought during the marriage; and (2) the down payment of $6000 was made from the proceeds of a gift from his father. The judgment allowed appellant a reimbursement of $6000. Contrary to appellants contention this is not violative of *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.1977).

Appellant's remaining points complain of the trial court limiting and excluding testimony on his motion for new trial and of the court's refusing to allow him to take certain depositions.

Whether a deposition should or should not be taken is within the sound discretion of the trial court and before his ruling may be set aside there must be shown clear abuse of discretion. *Harris County v. Hunt,* Tex.Civ.App., 388 S.W.2d 459. Although there is no rule or case specifically prohibiting the taking of a post trial deposition, the authorities assume that if depositions are to be taken, it should be done before or during trial for use during the trial. There is no abuse shown or indicated in the trial court's quashal of the notices of appellant to take depositions for use upon a hearing on a motion for new trial.

Upon a hearing on the motion for new trial, counsel for appellant, who did not represent appellant at trial, generally attempted to present additional evidence which he contends the trial counsel should have presented at trial and which would have rebutted testimony presented by appellee at the trial. The appellant argues that *C. v. C.,* 534 S.W.2d 359 (Tex.—Dallas 1976) requires the relaxation of ordinary rules of evidence in a child custody case. The proposition that technical rules of procedure should not override the best interest of the child does not require that the trial court admit cumulative or inadmissible testimony. The record does not reflect that the trial court abused its discretion in excluding the proffered evidence.

The judgment of the trial court is affirmed.

EVANS and WALLACE, JJ., sitting.