**L.P.D., Appellant,**

**v.**

**R.C., Appellee.**

**No. 03–97–00008–CV.**

Court of Appeals of Texas,
Austin.

Jan. 29, 1998.

Rehearing Overruled Feb. 26, 1998.

Kristin K. Proctor, Law Offices of Edwin J. (Ted) Terry, Austin, for Appellant.

Brad Wiewel, James A. Vaught, Zelle & Larson, L.L.P., Austin, for Appellee.

Before POWERS, ABOUSSIE and B.A. SMITH. JJ.

BEA ANN SMITH, Justice.

At issue in this appeal is whether the trial court abused its discretion in failing to appoint an attorney ad litem to represent the child's interests in this voluntary paternity action resolved by a default judgment. Concluding that it did, we will reverse the trial-court judgment.

## THE DISPUTE

While living in Texas, L.P.D. bore a child, J.A.C., out of wedlock. She then moved to Philadelphia with J.A.C. when the child was two and one-half years old. Five months later, R.C. filed a voluntary paternity action. *See* Tex. Fam.Code Ann. § 160.201 (West 1996). The trial court rendered a default judgment in favor of R.C. after L.P.D. failed to appear in court. The child was not present at the proceeding. The judgment declares that R.C. is J.A.C.'s father and appoints L.P.D. and R.C. as joint managing conservators of the child. L.P.D. appeals by five points of error, alleging in four points that the trial court erred by signing the decree of paternity without naming an attorney ad litem to represent the child because such failure was an abuse of discretion under the Family Code, or in the alternative because the Family Code's failure to require such representation violates the equal protection and due process guarantees of the federal and state constitutions. In a fifth point of error, appellant claims the trial court erred in naming R.C. a joint managing conservator under the circumstances of this case without any evidence concerning the child's best interest.

## DISCUSSION

*Procedural Posture*

L.P.D. appeals by writ of error.[1] To appeal by writ of error, she must demon-

1. The writ of error procedure under former Texas Rule of Appellate Procedure 45 has been replaced by a restricted appeal under new Texas Rule of Appellate Procedure 30. The only notable change is that the party seeking to bring a restricted appeal must not have timely filed a

strate that (1) she is a party to the suit, (2) she filed her petition for writ of error within six months of judgment; (3) she did not participate at trial; and (4) error is apparent on the face of the record. *See Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex.1982); *Jaramillo v. Liberty Mut. Fire Ins. Co.,* 694 S.W.2d 585, 587 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

The only requirement at issue in this appeal is whether error is apparent on the face of the record. The record consists of all papers filed with the trial court, including the clerk's record and the reporter's record. *See DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551 (Tex.1991).

### Analysis of the Merits

By point of error four, L.P.D. complains that the trial court abused its discretion by failing to appoint an attorney ad litem to represent J.A.C.'s interest.

 A child's interest in determining his parentage includes obtaining support, legitimacy, and possible inheritance rights. *See R.M.H. v. Messick,* 828 S.W.2d 226, 230 (Tex. App.—Fort Worth 1992, no writ). A child's interest in determining his parentage is not necessarily coextensive with his parent's. *See id.*

In a paternity proceeding the child is not a necessary party, and in a trial on the merits it is rebuttably presumed that the interests of the child will be adequately represented by the party bringing suit to determine parentage. Tex. Fam.Code Ann. § 160.003(a), (b); *see R.M.H.,* 828 S.W.2d at 228–29. However, if the court finds that the child's interests will not be adequately represented by a party to the suit or that the child's interests may be adverse to that party's interests, the court *shall* appoint an attorney ad litem to represent the child. Tex. Fam. Code Ann. § 160.003(b) (emphasis added).

Section 160.003(c) states that a "child shall be represented in a settlement agreement, dismissal, or nonsuit by a guardian ad litem or an attorney ad litem unless the court finds on the record that the interests of the child will be adequately represented by a party to the suit." *Id.* § 160.003(c). Although the present case involves a default judgment rather than a settlement agreement, dismissal, or nonsuit, the section demonstrates a preference for ad litem representation for the child in situations in which the child's parentage will be resolved other than by a trial on the merits. In any circumstance, both subsections (b) and (c) contain the same underlying concern: that the interests of the child be adequately represented. *Id.* § 160.003(b), (c). Moreover, the Family Code generally mandates the appointment of an attorney ad litem for any party in a case in which the court deems representation necessary to protect the interests of the child who is the subject matter of the suit. Tex. Fam.Code Ann. § 107.011(b).

 A trial court exercises its discretion in deciding whether to appoint an ad litem in paternity proceedings. *In re J.D.G.,* 940 S.W.2d 246, 248–49 (Tex.App.—San Antonio 1997, no writ); *cf. McGough v. First Court of Appeals,* 842 S.W.2d 637, 640 (Tex. 1992) (appointment of new guardian ad litem in personal injury litigation was not abuse of discretion). Its decision is reviewed for an abuse of discretion. *Id.* The issue is whether circumstances exist which would cause a prudent trial judge to believe that the appointment of an attorney was necessary to adequately represent and protect the child's interest. *Cf. Swearingen v. Swearingen,* 578 S.W.2d 829, 831 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd w.o.j.) (no need to appoint ad litem in divorce action if no circumstances indicate need for one).

The petition reveals that at the time R.C. filed the voluntary statement of paternity, he was fifty-three years old, L.P.D. was twenty-one years old, and J.A.C. had just turned three years old. The petition states that L.P.D. and J.A.C. had moved to Pennsylvania five months previously.

The reporter's record is exceedingly slim: only nine pages, the bulk of which merely

---

post-judgment motion, a request for findings of fact or conclusions or law, or a notice of appeal. L.P.D. did not file a post-judgment motion, re-

quest, or perfecting instrument within thirty days of the date of judgment.

recites R.C.'s request for standard possession. R.C.'s affidavit shows that J.A.C. did not reside with him at any time. All in all, the sparse record does not demonstrate that R.C. ever had any contact or any relationship with J.A.C. There is no evidence that any attempt was made by R.C. to establish a relationship with J.A.C. nor any evidence that such an attempt was thwarted by L.P.D. Nor does the record include any evidence of R.C.'s employment, lifestyle, or affection for J.A.C. The record does show that R.C. and L.P.D. were never married, but that L.P.D. has since married another. R.C. admitted that L.P.D. and the child no longer live in Texas, and that the paternity suit was brought five months *after* mother and child moved to Pennsylvania. The default judgment was granted only thirty-three days after L.P.D. was served. In addition to declaring R.C. the father of J.A.C., the order also appoints R.C. and L.P.D. joint managing conservators of the child and requires this three-year-old to fly back and forth to Texas once a month with an escort and expenses to be split between the parties. There were no blood tests or any other evidence in the record establishing the parent-child relationship between R.C. and J.A.C. other than R.C.'s sworn statement that he is the biological father of this child.

 When there is no person before the court who has had care and custody of the child, or understands the child's interests through another relationship, or even professes to have met the child, we hold the presumption that the party bringing suit will adequately represent the child's interest has been rebutted as a matter of law.[2] There was simply no party present at this proceeding who could satisfy the Family Code's concern that the interests of the child would be adequately represented. We therefore hold that the trial court abused its discretion in not ordering an attorney ad litem to represent the child's interests.

We sustain point of error four. Accordingly, we need not address the constitutional issues raised in points of error one, two and three. *See Turner v. State,* 754 S.W.2d 668, 675 (Tex.Crim.App.1988) (reviewing court should resolve non-constitutional points first and if relief is required court should not address points raising statute's constitutionality); *Walton v. Lee,* 888 S.W.2d 604, 605 (Tex.App.—Beaumont 1994, writ denied) (after sustaining point of error on non-constitutional ground, court declined to address constitutional point of error). We need not reach point of error five alleging the trial court erred in appointing R.C. a joint managing conservator.

*Motion to Dismiss*

 We must also address R.C.'s motion to dismiss the appeal under the acceptance of benefits doctrine: "[A] litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1951). However, the doctrine applies only if the benefits were voluntarily accepted. *See, e.g., Gonzalez v. Gonzalez,* 614 S.W.2d 203, 204 (Tex.Civ.App.—Eastland 1981, writ dism'd). It is the appellee's burden to prove that the appellant is estopped by the acceptance of benefits doctrine. *Id.*

R.C. declares that he sent three $200 child support payments to L.P.D. beginning in March 1996, and that after the paternity decree was signed, he sent three $400 child support payments. The checks were indisputably cashed, although the parties dispute whether L.P.D. or her husband cashed them. R.C. claims that L.P.D. endorsed at least one of the checks. L.P.D. avers that her husband cashed the checks forwarded to her by the Travis County Domestic Relations Office without her knowledge.

R.C. complains that L.P.D. retained the benefits of the paternity decree from the time she learned her husband had cashed and deposited the checks until January 3, 1997, when the funds were tendered into the district court's registry.

---

2. Indeed, it is questionable whether the statutory presumption even applies in this case where judgment was had by default. The statutory rebuttable presumption applies in a *trial* on the merits. Tex. Fam.Code Ann. § 160.003(b). Without deciding that issue, based on the record, we reach the same conclusion whether the presumption applies or not.

In light of L.P.D. and R.C.'s affidavits, R.C. did not meet his burden of proving that L.P.D. voluntarily accepted the benefits of the child support judgment. Further, L.P.D. has remitted the funds into the registry of the court. *See Twin City Fire Ins. Co. v. Jones,* 834 S.W.2d 114, 115–16 (Tex.App.— Houston [1st Dist.] 1992, writ denied) (payment of amount in controversy into court's registry defeats application of estoppel). More importantly, we have based our holding on the ground that the trial court should have appointed an attorney ad litem to represent J.A.C.'s interest; even if L.P.D. had voluntarily accepted and retained the child support payments, we question whether R.C. could assert that J.A.C's rights were estopped by L.P.D's act in this case. We overrule the motion to dismiss.

### CONCLUSION

The trial court judgment is reversed and the cause remanded so the paternity action may proceed in accordance with this opinion.