# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00022-CV

**Ford Housing Finance Services d/b/a Associates Housing FinanceServices, Appellant**

**v.**

**Virgilio Posada, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. GN001204, HONORABLE PAUL DAVIS, JUDGE PRESIDING

Virgilio Posada sued Ford Housing Finance Services d/b/a Associates Housing Finance Services ("Finance Services") and Cornerstone Capital Group Inc., d/b/a Cornerstone Homes of Austin ("Cornerstone Homes") alleging violations of the Deceptive Trade Practices-Consumer Protection Act (DTPA). *See* Tex. Bus. & Com. Code Ann. §§ 17.41 *et seq.* (West 1987 & Supp. 2001). After Finance Services and Conerstone Homes failed to answer the lawsuit, the district court rendered a default judgment in favor of Posada. Raising four issues, Finance Services brings this restricted appeal seeking to reverse the default judgment. Finance Services asserts among other things that error appears on the face of the record because (1) the record fails to show that Posada strictly complied with the rules of civil procedure regarding service of citation and process, and (2)

Posada's petition failed to allege any type of claim or cause of action against Finance Services. We will reverse the judgment of the district court and remand the cause for further proceedings.

**Background**

Posada filed his original petition on April 25, 2000, alleging violations of the DTPA. According to the petition, on February 12, 1998, Posada executed a contract for sale to purchase a used manufactured home from Cornerstone Homes. Posada obtained financing for the purchase through Finance Services. Soon after the purchase, Posada discovered that the home had many defects. In his petition Posada alleged the following,

> Seller is liable for deceptive trade practices under § 17.46 of the Texas Business and Commerce Code (the Deceptive Trade Practices-Consumer Protect[ion] Act) for false, misleading and deceptive representations as to the character of the home purchased by the [buyer]. Inasmuch as conduct of Defendant was knowing, Plaintiff prays for such punitive damages as are allowed by statute.

On June 7, 2000, the district court signed a default judgment in favor of Posada against both Cornerstone Homes and Finance Services. The court determined that Finance Services and Cornerstone Homes had been properly served and that Posada was entitled to a default judgment because the defendants failed to answer the lawsuit. The court also determined that the allegations in the petition were admitted and that the damages were liquidated and proved by a written instrument. The district court awarded Posada actual and additional damages and attorney's fees.

On July 6, 2000, Cornerstone Homes timely filed a motion for new trial and asserted that the default judgment should be set aside because Cornerstone Homes's failure to answer the

2

lawsuit was not intentional; that it could demonstrate a meritorious defense; and that there would be no delay or injury caused by setting aside the judgment. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Following a hearing, the district court granted Conerstone Homes's motion for new trial. Finance Services did not file a motion for new trial.

On December 5, 2000, Finance Services filed a timely notice of restricted appeal that stated it did not participate either in person or through counsel in the hearing that resulted in the default judgment nor did it file a timely post-judgment motion, a request for findings of fact and conclusions of law or a notice of appeal. Additionally, Finance Services contended that error appeared on the face of the record.

**Discussion**

To succeed on a restricted appeal one must show: (1) the appeal was brought within six months of the date the judgment was signed by the court, (2) by a party to the suit, (3) who did not participate in the hearing that resulted in the judgment complained of, (4) error must appear on the face of the record, and (5) the appellant must not have timely filed a post-judgment motion, a request for findings of fact or conclusions of law, or a timely notice of appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, .013 (West 1997); Tex. R. App. P. 26.1(c), 30; *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (citing *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991)); *L.P.D. v. R.C.*, 959 S.W.2d 728, 729-30 (Tex. App.—Austin 1998, pet. denied). A restricted appeal affords an appellant the same scope of review as an ordinary appeal—review of the entire case. *Norman Communications*, 955 S.W.2d at 270. The

3

only restriction is that the error must appear on the face of the record. *Id.* (citing *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex. 1991)). The record consists of the clerk's and the reporter's records and all papers filed with the trial court. *Norman Communications,* 955 S.W.2d at 270 (citing *DSC Fin. Corp.*, 815 S.W.2d at 551); *L.P.D.*, 959 S.W.2d at 730.

The record establishes that Finance Services filed its restricted appeal within six months of the date the district court signed the default judgment, it did not participate in the hearing that resulted in the default judgment and it did not timely file a post-judgment motion, a request for findings of fact and conclusions of law or a notice of appeal. The only remaining question is whether error appears on the face of the record.[1]

First, Finance Services contends that error appears on the face of the record and the default judgment should be reversed because service of citation and process was defective. The clerk's record contains a receipt for certified mail and a signed return receipt with an illegible signature showing that something was sent to Finance Services at "4650 Regent, Coppell, TX 75019." While these documents could relate to service of citation and process, nothing in the record affirmatively shows that they do.

Before a plaintiff may move for a default judgment, the citation and proof of service shall be on file with the district clerk for ten days exclusive of the day of filing and the date of judgment. Tex. R. Civ. P. 107. Ordinarily, presumptions are made in support of a judgment including the presumption of proper and lawful citation and service of process when the judgment so recites; however, no such presumption can be made in a direct attack upon a default judgment.

---

[1] Posada declined to file an appellee's brief.

4

*McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965). On appeal from a default judgment, the record must show an appearance by the defendant or due service of citation independent of the recitals in the judgment. *Flynt v. City of Kingsville*, 82 S.W.2d 934 (Tex. 1934). There are no presumptions in favor of valid issuance, service, and return of citation in a review of a no-answer default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex. 1985). Failure to affirmatively show that the record reflects strict compliance with the rules of civil procedure renders the attempted service invalid and of no effect. *Id.* A judgment by default without proper service of citation is void as the court was without jurisdiction to enter a judgment. *Wilson v. Dunn*, 800 S.W.2d 833, 836-37 (Tex. 1990).

The clerk's record lacks information that affirmatively shows that Finance Services was properly served with citation and process. There is not a copy of the citation or proof of service in the record. Further, exhibits attached to Posada's petition reflect business addresses for Finance Services in Irving, not Coppell. The exhibits reflect two Irving addresses: P.O. Box 141475, Irving, Texas, 75014 and 222 W. Las Colinas Blvd., Ste. 250, Irving, Texas, 75039. We cannot presume compliance with the rules governing service and return of citation. Here, the record does not affirmatively show that Posada strictly complied with the rules of civil procedure governing citation and return of service. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Finance Services's first issue is sustained.

In its second issue, Finance Services raises an alternative basis for reversing the default judgment. Finance Services contends that error appears on the face of the record because Posada's petition failed to allege facts or assert a cause of action against Finance Services. A default judgment

5

must be based on the pleadings filed in the cause. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). In determining whether a cause of action has been pleaded, the plaintiff's pleadings must contain sufficient information for the court to be able, from an examination of the pleadings alone, to ascertain with reasonable certainty and without resorting to information outside the pleadings the elements of the plaintiff's cause of action and the relief sought. *Id.* at 683. Mere formalities, minor defects and technical insufficiencies will not invalidate a default judgment where the petition states a cause of action and gives fair notice to the opposing party of the relief sought. *Id.*

The only cause of action alleged in Posada's petition was that the "seller," which the petition defined as Cornerstone Homes, "is liable for deceptive trade practices under § 17.46 of the Texas Business and Commerce Code (the Deceptive Trade Practices-Consumer Protect[ion] Act) for false, misleading and deceptive representations as to the character of the home purchased by [the buyer]." The petition only mentions that Posada "obtained financing through Ford Housing Finance Services."

Examining Posada's petition upon which the default judgment is based, we are unable to ascertain the elements of Posada's claim or cause of action against Finance Services. There are no factual allegations in the petition that would give rise to a cause of action against Finance Services. The only alleged fact concerning Finance Services—that Posada obtained financing there—does not give rise to a cause of action against Finance Services. Without a claim or cause of action alleged in the petition against Finance Services, the default judgment cannot stand. Accordingly, Finance Services's second issue is sustained.

**Conclusion**

6

We hold that error appears on the face of the record for two reasons: (1) the record does not affirmatively show that Posada complied with the rules of civil procedure regarding service of citation and process, and (2) Posada's petition does not state a claim or cause of action against Finance Services. Consequently, it is unnecessary for us to address Finance Services's remaining two issues. The default judgment is reversed and the cause is remanded to the district court for further proceedings.

—

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Reversed and Remanded

Filed: October 18, 2001

Do Not Publish