Opinion issued on May 30, 2002




 


 

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00312-CV






GINGER ANN GORDON PREJEAN, Appellant


V.


JAMES C. PREJEAN, Appellee






On Appeal from the 245th District Court

Harris County, Texas

Trial Court Cause No. 82-23429






O P I N I O N

 Appellant, Ginger Ann Gordon Prejean, appeals from a judgment dismissing
a portion of her claims. In two issues, appellant complains the trial court erred
reversibly in (1) dismissing her claim for damages based on her tortious interference
claim and (2) denying her full claim for attorney's fees. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND The following facts are undisputed:

 (1) In November 1982, appellant and appellee, James C. Prejean, were
divorced. The divorce decree provides, in relevant part: 

 GINGER ANN GORDON PREJEAN is awarded the following as
her sole and separate property, and JAMES C. PREJEAN is hereby
divested of all right, title and interest in and to such property excluding
children's savings accounts:



 The following real property:


 

 Lot 7, Block 6, Section One, BROOKGLEN, County
of Harris, State of Texas, and more commonly
known as 8419 Avington, La Porte, Texas, 


 subject to a lien in favor of Respondent for the sum of
$14,597.00 plus 6% interest per year from the date of
divorce. 


 . . . . 

 


 JAMES C. PREJEAN is awarded the following as his sole and
separate property, and GINGER ANN GORDON PREJEAN is hereby
divested of all right, title, and interest in and to such property (excluding
children's savings accounts):



 Promissory Note . . . secured by Second Lien Deed of Trust
. . . from GINGER ANN GORDON PREJEAN
representing one-half (½) of the present equity in the
homestead located at 8419 Avington, La Porte, Texas, in
the amount of $14,597.00 plus simple interest in the
amount of six (6%) percent per year from the date of
divorce to the date of closing.


 

 . . .

 

 Attached to the divorce decree is the Second Lien Deed of Trust, which 
provides that, "[s]hould Grantors do and perform all of the covenants and agreements
herein contained, and make prompt payment of said indebtedness as the same shall
become due and payable, then this conveyance shall . . . be released . . . ."

 The first relevant pleading in this case is appellant's "Amended Motion to
Enforce Judgment and for Contempt," alleging that appellee had refused to release
the lien on the property, even though appellant had paid the debt in full and had
performed all covenants and agreements. In her prayer, appellant sought (1) a finding
of contempt and sanctions, (2) an order that appellee execute a release of the lien, (3)
an order that appellee record such executed release in the deed records, and (4) an
order that appellee pay appellant "the full amount of any and all costs and attorney
fees incurred by her in connection with this motion."

 Appellant filed a motion for summary judgment, which the trial court granted
in part. (1) On appeal, appellant first complains the trial court erred in effectively
dismissing her claim for damages, including mental anguish and distress damages, for
appellee's tortious interference with her property. In light of the fact that appellant
had not sought such damages in her motion to enforce judgment, the trial court did
not err in denying such relief. See Safety Cas. Co. v. Wright, 160 S.W.2d 238, 245
(Tex. 1942) (holding plaintiff can recover, if at all, only on the cause of action pled);
Thompson v. Vinson & Elkins, 859 S.W.2d 617, 621 (Tex. App.--Houston [1st Dist.]
1993, writ denied) (holding plaintiff limited to causes of action pled specifically in
petition).

 We overrule issue one.

 In issue two, appellant claims the trial court erred in awarding attorney's fees
"in an amount less than shown by the uncontroverted evidence." 

 After appellant filed her brief, appellee filed a motion claiming appellant's
attorney fee complaint was moot, and this Court ordered the motion taken with the
case. In his motion, appellee alleged that appellant, through her attorney, had
accepted the benefits of the judgment, and therefore appellant's appeal on the issue
of attorney's fees was moot. Appellee's motion is supported by copies of various
documents and an affidavit from appellee's attorney. Appellant filed neither a
response nor presented any controverting evidence. (2)

 "[A] litigant cannot treat a judgment as both right and wrong, and if he has
voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an
appeal therefrom." Carle v. Carle, 234 S.W.2d 1002, 1004 (Tex. 1951); L.P.D. v.
R.C., 959 S.W.2d 728, 731 (Tex. App.--Austin 1998, pet. denied). It is appellee's
burden to prove appellant is estopped by the acceptance of benefits doctrine. L.P.D.,
959 S.W.2d at 731.

 When considering a motion such as this, an appellate court has authority to
consider affidavits and other evidence. See Twin City Fire Ins. Co. v. Jones, 834
S.W.2d 114, 116 (Tex. App.--Houston [1st Dist.] 1992, writ denied); Smith v. Texas
Commerce Bank--Corpus Christi, N.A., 822 S.W.2d 812, 814 (Tex. App.--Corpus
Christi 1992, writ denied).

 Three days after the summary judgment was entered, appellee executed two
releases of lien and wrote a check for $2,500, payable to appellant's attorney. The
check has the following notation: "Atty Fees per Order." The next day, appellee's
attorney sent appellant's attorney a letter that reads, in part: "Enclosed are two
original Affidavits of Release and [appellee's] check number 4780 in the amount of
$2,500.00. By delivery of the enclosed instruments, this matter is now closed." In
response, appellant's attorney faxed appellee's attorney a letter, stating:

 I am in receipt of and thank you for the two executed releases and the
check for $2,500. It is unclear, however, whether [appellee] has as yet
complied with that provision in Judge Lasher's order directing him to
have the release filed in the County's property records. I would
appreciate your client to resolve this last remaining issue and that he do
so within the time period specified.


(Emphasis added.) A copy of the canceled check shows that appellant's attorney
endorsed the check and that, on February 14, 2000, appellant's attorney negotiated
the check. 

 On March 20, 2000, appellant's attorney filed a notice of appeal on appellant's
behalf.

 Considering such evidence, we conclude appellee has met his burden to show
that appellant, through her attorney, voluntarily accepted the benefits of the judgment. 
Therefore, appellant is precluded from challenging the attorney's fee award on
appeal.

 We overrule issue two.

 We affirm the judgment.

 


 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Jennings, and Duggan. (3)

Do not publish. Tex. R. App. P. 47.
1. The trial court's summary judgment orders appellee to execute a full release of
lien and record it in the deed records, and also awards appellant $2,500 in
attorney's fees.
2. The order on appellee's motion for partial dismissal provided that appellant
may respond to the motion in a reply brief. Appellant thereafter filed a motion
to extend time to file reply brief. We granted appellant's motion and advised
the parties we would consider a reply brief received no later than two weeks
before the submission date. To date, appellant has not filed a reply brief. 
3. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.