NUMBER 13-06-163-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

VANESSA JANE MCKINNEY, 
Appellant,


v.
 


KENNETH ROY DAVIS, JR., Appellee.

 



On appeal from the 36th District Court 

of San Patricio County, Texas


 
 

MEMORANDUM OPINION


 

Before Justices Yañez, Benavides and Vela

Memorandum Opinion by Justice Vela


 Appellant, Vanessa Jane McKinney and Appellee, Kenneth Roy Davis, Jr.,
petitioned the trial court to dissolve their informal marriage. Both Vanessa and
Kenneth sought custody of their three-year-old daughter. The trial court granted the
divorce, appointed both parents joint managing conservators, and ordered Kenneth
Davis to be the primary managing conservator with the right to determine the child's
residence. Vanessa urges in two issues that the evidence was insufficient to support
the trial court's rulings and that the trial court abused its discretion in not granting her
a new trial. We affirm.

I.

Background 

 

 Vanessa filed an original petition for divorce on September 20, 2005, seeking
to be designated joint managing conservator with the exclusive right to determine the
child's primary residence. Kenneth countered, requesting to be made sole managing
conservator. The trial court held a hearing over a two-day period to determine division
of property and custody. After hearing evidence from both sides, the court decided
that the parties would be joint managing conservators and Kenneth would have the
right to determine the child's residence. Vanessa does not contest either the granting
of the divorce or the property division. 

II.

Standard of Review

 

 The best interest of the child is the primary consideration in determining issues
of conservatorship. Tex. Fam. Code Ann. §153.002 (Vernon 2002). We give great
deference to the trial court's decision on custody, control, possession, and visitation
matters. Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). We will reverse
the trial court's order only if it appears from the record as a whole that the trial court
abused its discretion. Id. A trial court abuses its discretion when it acts arbitrarily or
unreasonably, without reference to any guiding rules or principles. Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). This Court will not
substitute its judgment for that of the trial court even if it would have reached a
different result. Scott v. Younts, 926 S.W.2d 415, 419 (Tex. App.-Corpus Christi
1997, writ denied). 

III.

Analysis


A. Continuation of the Hearing 

 Vanessa urges that because the trial court continued the case for more than a
week after she presented her case-in-chief, the trial court did not consider all of the
evidence and abused its discretion in deciding the case as it did. Due to the trial
court's schedule, the court heard part of the case on December 5, 2005, and
continued it until December 14, 2005. 

 A trial court has the inherent right to control its own docket. Ho v. Univ. of
Texas at Arlington, 984 S.W.2d 672, 693-94 (Tex. App.-Amarillo 1998, pet. denied).
The trial court explained its pre-existing schedule of cases as a reason for the hiatus. 
The hearing was continued only nine days. Further, Vanessa's counsel was allowed
to examine her on redirect on the day of the reconvened hearing. The court allowed
each side ample time to put on its case. Contrary to Vanessa's argument, there is
nothing in the record to show that the trial court failed to consider all of the testimony.
We find no abuse of discretion in the manner in which the trial court conducted the
hearings. 

B. Lack of a Social Study

 Vanessa also complains that the trial court erred in failing to order a social study. 
Our review of the record shows that no request was made by either party for a social
study. The decision to order a social study is discretionary. Tex. Fam. Code Ann.
§107.051 (Vernon 2002). Absent a request for such a study, we find no abuse of
discretion. See Swearingen v. Swearingen, 578 S.W.2d 829, 831 (Tex. App.-Houston
[1st Dist.] 1978, writ dism'd). 

C. Evidentiary Questions

 Vanessa asks this Court to reverse because she believes the evidence does not
support the trial court's decision. She also argues that the trial court erred in refusing
to grant a new trial.

 The evidence regarding each party's parenting ability was conflicting. Vanessa
testified that she believed it was in the child's best interest for the parents to have joint
custody, but that her daughter should continue to live with her. She stated that her
daughter had an older half-sister who she was very close to, and it would be difficult
for them to be apart. She also testified that Kenneth drank alcohol and suffered from
panic attacks, and she stated that she rarely drank. Vanessa was unemployed at the
time of the hearing. She had worked sporadically during the time that she and Kenneth
were together. Finally, she testified that Kenneth believed in corporal punishment, but
she did not. At the time of trial, Kenneth was paying $75 per week in child support. 
 On cross examination, counsel for Kenneth introduced a document showing that
Vanessa had pleaded guilty to assaulting an ex-husband. Counsel pointed out several
discrepancies between Vanessa's discovery responses and her testimony. Although
Vanessa testified that she did not feel that she was married to Kenneth, she had
publicly represented herself as his wife on occasion. Kenneth was Vanessa's fourth
husband.

 Kenneth testified that the couple agreed to a common law marriage. He believed
that Vanessa had a long history of infidelity and thought her veracity on a number of
issues was questionable. Kenneth introduced testimony from a teenage friend of
Vanessa's older daughter claiming she saw Vanessa kissing a male co-worker at Wal-Mart. Vanessa had previously testified that the two were not romantically involved. 
Kenneth testified that some of Vanessa's close family members used drugs. However,
he did not accuse Vanessa of illegal drug use. He was also concerned because
Vanessa's father carried a gun.

 Kenneth's parents testified that they could assist in the care of the child while
Kenneth worked. They believed that their son would provide a safer environment for
the child than Vanessa could. At the time of the hearing, Kenneth was employed at a
job in a family business making $8.00 an hour. 

 Here, we have reviewed the record for abuse of discretion. We will not substitute
our judgment for that of the trial judge who heard the testimony and observed the
demeanor and conduct of the witnesses. We must give deference to the trial court's
credibility determinations. In re De La Pena, 999 S.W.2d 521, 526 (Tex. App.-El Paso
1999, no pet.). An abuse of discretion will generally not occur when a trial court bases
its decision on conflicting evidence. Id. at 526. 

 The evidence was conflicting. The trial court determined that Kenneth should
have the right to determine the child's primary residence. The court was in the best
position to determine influences, personalities, and make observations that cannot be
discerned by merely reading the record. There was probative evidence to substantiate
the court's decision. We find that the trial court did not abuse its discretion. 

 We overrule both of appellant's issues and affirm the trial court's judgment.


 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 29th day of March, 2007.