**Opinion issued June 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-15-00690-CV

——————————

**NILSON DANIEL VARGAS, Appellant**

**V.**

**JESSICA MAE VARGAS, Appellee**

---

**On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Case No. 14-DCV-218844**

---

## MEMORANDUM OPINION

Nilson and Jessica Vargas, who are parents to four young girls, divorced. One month before trial, Nilson moved for appointment of an attorney ad litem for the children, who are between the ages of six and ten. The trial court denied his

motion. In a single issue, Nilson contends that the trial court abused its discretion by denying his motion. We affirm.

## Background

Nilson and Jessica married in 1999. Jessica testified that, in 2014, Child Protective Services began an investigation into whether Nilson had molested their daughters. CPS found no evidence that Nilson had inappropriate contact with his daughters, but, through that CPS investigation, Jessica learned that criminal charges were going to be filed against Nilson for inappropriate sexual contact with an unrelated boy. According to Jessica, when she confronted Nilson with this information, he admitted that he had had inappropriate sexual contact with two underage boys. After Jessica filed a petition for divorce, Nilson was indicted for indecency with a child.

In her divorce petition, Jessica requested temporary orders denying Nilson access to their four children. An agreed order specified: "Unless otherwise agreed by the parties, all possession periods of [Nilson] shall be supervised by the Harris County S.A.F.E. program" or another entity "of the parties choosing." For several months, Nilson had supervised visits and weekly phone calls with the girls. Eventually, Jessica felt "less comfortable" with the interactions and refused to allow Nilson visitation or contact with the children.

One month before the trial date, Nilson moved for appointment of an attorney ad litem for the children. At the hearing, which occurred one week before the scheduled trial, Jessica argued that Nilson's motion was filed to delay the trial setting and gain an advantage in his criminal proceedings. At the conclusion of the hearing, the trial court denied Nilson's motion, explaining that an attorney ad litem was unnecessary because the parties were well represented by counsel and the court would be able to "get the whole picture" without an ad litem.

A week later, the divorce and visitation issues were decided in a bench trial. Jessica was the only witness who testified on the relevant issues. She testified that she was uncomfortable with Nilson having access to the children and feared that he might act inappropriately with them or use them to gain access to other children who might be harmed. She requested that Nilson be denied any visitation. Nilson did not testify about any relevant issues. Jessica called him as a witness, but, on the advice of his counsel, he asserted his Fifth Amendment right to refuse to answer her questions. Nilson did not call any other witnesses on his behalf. Nor did he submit documentation to support his argument for visitation with his children, such as evidence of positive interaction in past supervised visits. The trial court issued an order granting the divorce and allowing Nilson 32 hours per month of supervised visits, despite Jessica's request for no access, Nilson's lack of supporting testimony or other evidence, and the pending indictment.

Nilson's appeal is limited to whether the trial court abused its discretion when it ruled, pretrial, to deny his motion for appointment of an attorney ad litem for the children.

**Attorney Ad Litem**

In a single issue, Nilson argues that the trial court abused its discretion by denying his pretrial motion for appointment of an attorney ad litem to represent the children and that there is a "strong likelihood" that the visitation would have been greater had an ad litem been appointed.

**A.     Appointment is discretionary**

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002 (West 2014). A trial court charged with determining the best interests of a child "may" appoint an attorney ad litem for a child. TEX. FAM. CODE ANN. § 107.021(a) (West 2014). A court may appoint an attorney ad litem "*only if* the court finds that the appointment is *necessary* to ensure the determination of the best interests of the child" or some other provision of the Family Code requires the appointment. TEX. FAM. CODE ANN. § 107.021(b)(2) (emphasis added).

Whether to appoint an attorney ad litem is left to the trial court's discretion, taking into account the overarching best-interest standard, the parties' ability to

pay the ad litem fees, and whether the child's interests outweigh the costs "by taking into consideration the cost of available alternatives for resolving issues without making an appointment." *See id.* § 107.021(b); *Swearingen v. Swearingen*, 578 S.W.2d 829, 831 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ dism'd) (noting that appointment is "permissive not mandatory"); *Hefley v. Hefley*, 859 S.W.2d 120, 124 (Tex. App.—Tyler 1993, writ denied) (appellate courts review denial of motion for appointment of attorney ad litem for abuse of discretion).

A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Id.* at 241–42.

## B.  Trial court did not abuse its discretion

At the pretrial hearing on Nilson's motion, the trial court explained why it did not consider an attorney ad litem necessary to determine the children's best interests:

> [O]ne of the main issues I'm going to look at in getting the appointment of an amicus is: Am I going to get the whole story based on the examination and cross-examination of all the witnesses, and that's the main thing. Because if I can get the whole picture from everybody, then my question would be then why would we need an amicus if we have two parties represented by two good lawyers, that

5

goes a long way toward letting me believe that I'm probably going to get the whole picture . . . .

Nilson now argues that the trial court did not get the whole story at trial because of his inability to testify due to "pending criminal charges" and "exercising his Fifth Amendment rights." He also notes that there was no testimony from an "independent expert, psychological or otherwise." According to Nilson, an ad litem "could have bridged that gap" and testified that greater access to Nilson was in the children's best interest.

Nilson's argument is problematic for at least two reasons. First, it ignores the many ways available to Nilson to present favorable evidence that he did not pursue. Even though he did not testify, he could have called other fact witnesses to testify about his relationship with his daughters, his parenting abilities, and the extent that his children were well-bonded with him. He could have pursued expert testimony. Finally, he could have submitted records from the supervised-visit facility about his interactions with his children. He did none of this.

Second, he is asking this court to conclude that the trial court erred in its pretrial ruling by taking into account—with the full benefit of hindsight—what occurred during the subsequent trial. This is inappropriate. *See Finn v. Finn*, 658 S.W.2d 735, 748 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) (in appeal of trial court's order appointing guardian ad litem, noting that what occurred during trial—known only through hindsight—"does not control the question of abuse of

discretion" at time of ruling); *Khan v. Valliani*, 439 S.W.3d 528, 533 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("When deciding whether the trial court abused its discretion . . . we consider only the record at the time of the trial court's ruling . . . ."). The trial court could not have anticipated at the time it ruled that Nilson would limit himself to cross-examining Jessica and not calling any witness or submitting any documentary evidence.

Nilson also argues that the trial court failed to apply the correct legal standard because there is no indication that the court considered the parties' ability to pay for an ad litem. However, by statute, a trial court is not permitted to appoint an attorney ad litem in this situation unless the court finds that the appointment is necessary to ensure the determination of the children's best interests. TEX. FAM. CODE ANN. § 107.021(b)(2). Here, the trial court specifically found that an appointment was unnecessary. Therefore, whether the parties could pay the ad litem's fee never became relevant.

Finally, Nilson argues that an appointment was necessary because, by requesting that Nilson be denied all access to the children, Jessica was, in effect, seeking to terminate his parental rights. He points to various statutory provisions that require appointment of an ad litem when the termination of parental rights is sought. *See, e.g.*, TEX. FAM. CODE ANN. § 107.011 (West 2014). But Jessica did not seek to terminate Nilson's parental rights; she only sought to deny him

visitation. A request for no visitation is not equivalent to a petition to terminate parental rights for many reasons, including that a termination of parental rights is permanent while a visitation order is subject to modification on petition and proof of changed circumstances. *Compare* TEX. FAM. CODE ANN. § 161.206(b) (West 2014) (providing that termination divests all legal rights and duties, except child's inheritance), *and Holick v. Smith*, 685 S.W.2d 18, 20–21 (Tex. 1985) ("A termination decree is complete, final, irrevocable[,] and divests for all time that natural right as well as all legal rights, privileges, duties[,] and powers with respect to each other[,] except for the child's right to inherit."), *with* TEX. FAM. CODE ANN. § 156.101 (West 2014) (allowing modification of possession if in best interest of child and circumstances have "materially and substantially changed"). Nilson is not foreclosed from seeking unsupervised visits in the future.

The trial court applied the correct standard and legal principles to its determination whether to appoint an attorney ad litem. It acknowledged the best-interest standard and the need to obtain a complete understanding of the facts. It concluded that the parties, who were represented by counsel, would be capable of supplying that evidence. We hold that the trial court did not abuse its discretion in determining that appointment of an attorney at litem was not "necessary" to decide the best interests of the children in the proceeding.

**Conclusion**

We affirm.


Harvey Brown
Justice

Panel consists of Justices Keyes, Brown, and Huddle.